HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D.T. by and through his parents and guardians, K.T. and W.T., individually, on behalf of similarly situated individuals, and on behalf of the NECA/IBEW Family Medical Care Plan<br><br>Plaintiff,<br><br>v.<br><br>NECA/IBEW FAMILY MEDICAL CARE PLAN, THE BOARD OF TRUSTEES OF THE NECA/IBEW FAMLY MEDICAL CARE PLAN, SALVATORE J. CHILIA, ROBERT P. KLEIN, DARRELL L. MCCUBBINS, GEARY HIGGINS, LAWRENCE J. MOTER, JR., KEVIN TIGHE, JERRY SIMS, AND ANY OTHER INDIVIDUAL MEMBER OF THE BOARD OF TRUSTEES OF NECA/IBEW FAMILY MEDICAL CARE PLAN,<br><br>Defendants. | No. 17-cv-00004-RAJ<br><br>**ORDER** |

This matter comes before the Court on Defendants NECA/IBEW Family Medical Care Plan (the "Plan" or "FMCP"), the Board of Trustees of the FMCP, Salvatore J.

ORDER - 1

Chilia, Robert P. Klein, Darrell L McCubbins, Geary Higgins, Lawrence J. Moter, Jr., Kevin Tighe, and Jerry Sims' (collectively "Defendants") Motion to Dismiss. Dkt. # 11. Plaintiff opposes the motion. Dkt. # 16. For the reasons that follow, the Court DENIES the motion.

## I. BACKGROUND

Plaintiff D.T., a three-year-old dependent on his parent's NECA/IBEW Family Medical Care Plan ("Plan"), was diagnosed with a developmental mental health condition. Dkt. # 1 (Complaint) at ¶¶ 1, 22. D.T. sought coverage for either neurodevelopmental therapies (NDT) or Applied Behavior Analysis (ABA) therapy but was denied under his Policy's Development Delay Exclusion. According to Plaintiff, this exclusion is a "uniform policy excluding all coverage for NDT and ABA therapies to treat developmental mental health conditions like ASD, even when medically necessary." *Id.* at ¶ 9. Plaintiff further claims that the Policy covers other benefits associated with developmental mental health conditions, and therefore the uniform exclusion of coverage for NDT and ABA therapy is a violation of the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("Federal Parity Act").

Defendants argue that the Policy legitimately excludes coverage for any developmental mental health conditions, and therefore there is no Federal Parity Act violation for its refusal to cover NDT or ABA therapy benefits. Defendants are now before the Court seeking dismissal of Plaintiff's Complaint under Rule 12(b)(6).

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must

point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

### III. DISCUSSION

A. Federal Parity Act

The parties agree that the Federal Parity Act allows group plans to invoke blanket exclusions. *See* Dkt. ## 11 at 8 ("The Federal Parity Act does not mandate coverage of mental health benefits."), 16 at 18 ("Under the Parity Act, a group plan need not offer *any* mental health benefits."). However, once a group plan decides to provide coverage for mental health benefits, then it may not apply "any financial requirement or treatment limitation to mental health or substance use disorder benefits in any classification that is more restrictive than the predominant financial requirement or treatment limitation of that type applied to substantially all medical/surgical benefits in the same classification." 29 C.F.R. § 2590.712(c)(2)(i). "A permanent exclusion of all benefits for a particular condition or disorder, however, is not a treatment limitation[.]" 29 C.F.R. § 2590.712(a).

The Policy covers certain "mental health or nervous disorder" benefits. The definition of "mental or nervous disorder" is broadly defined:

> A neurosis, psychoneurosis, psychopathy, psychosis or mental or emotional disease or disorder of any kind, regardless of whether such condition, disease or disorder has causes or

origins which are organic, physiological, traumatic or
functional.

Dkt. # 11-3 at 24 (defining "mental or nervous disorder"). It is unclear whether autism spectrum disorder (ASD) falls within the definition. The Complaint claims that it does. *See also* Dkt. # 16 at 12 (Plaintiffs reiterate that the definition "encompasses ASD and other developmental conditions.").

The Policy excludes coverage for benefits related to development delays. Specifically, in a section titled, "Benefit Plan Conditions, Limitations and Exclusions," the Policy states that charges are not payable for the following:

> Developmental delays, including charges for development and neuro-educational testing or treatment, hearing therapy, therapy for learning disability, communication delay, perceptual disorders, sensory deficit, developmental disability and related conditions, or for other special therapy not specifically included as a Covered Medical Expense elsewhere in this document, whether or not such disorder is the result of an injury or sickness.

Dkt. # 11-3 at 48. Despite the placement of the exclusion in the limitation section of the Policy, Defendants claim that their Developmental Delay Exclusion is not a treatment limitation but rather "a blanket exclusion," and therefore is not a violation of the Federal Parity Act. Dkt. # 11 at 10.

The Policy's mental health definition is so broad that it may encompass ASD. If this is the case—the Complaint states as much—and if the Policy covers certain benefits for beneficiaries diagnosed with ASD but refuses to cover ABA therapy, then this may be

a violation of the Federal Parity Act.[1] *See, e.g.*, *A.F. ex rel. Legaard v. Providence Health Plan*, 35 F. Supp. 3d 1298 (D. Or. 2014). This is precisely the crux of the Complaint, which claims that Defendants cover "medical/surgical services for enrollees with developmental mental health conditions" but fail to cover NDT and ABA therapy for those same conditions. Dkt. # 1 (Complaint) at ¶ 24. Therefore, at this early stage in litigation and under the standards dictated by Rule 12(b)(6), the Court finds that Plaintiff met his burden to state a claim for recovery of benefits under ERISA.

### B. Breach of Fiduciary Duty

To allege a claim for breach of Fiduciary Duty under ERISA, Plaintiff must show that "the fiduciary injured the benefit plan or otherwise 'jeopardize[d] the entire plan or put at risk plan assets.'" *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010) (quoting *Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock*, 861 F.2d 1406, 1414 (9th Cir. 1988)). Plaintiff may show that his "denial of benefits is part of a larger systemic breach of fiduciary obligations," *Nielsen v. Unum Life Ins. Co. of Am.*, 58 F. Supp. 3d 1152, 1165 (W.D. Wash. 2014) (citations omitted), but may not premise this claim on the "mishandling of an individual benefit claim," *Amalgamated Clothing*, 861 F.2d at 1414. Defendants attempt to phrase this claim as one for individual benefits. The Court disagrees.

Plaintiff bases his breach of fiduciary duty claim on the Plan's failure to "act in accordance with the documents and instruments governing the Plan[.]" Dkt. # 1 (Complaint) at ¶ 31; *see also* 29 C.F.R. § 1104(a)(1)(D). Specifically, Plaintiff states that the Policy must be interpreted consistently with the Federal Parity Act, and by violating the Federal Parity Act, Defendants breached their fiduciary duties as defined under ERISA. Dkt. # 1 (Complaint) at ¶ 30; *see also* Dkt. # 11-3 at 35 (describing the law that

---

1 The Court is inclined to agree with Defendants that if, on summary judgment, it appears that the only evidence supporting Plaintiff's position is that Defendants simply cover preventative screening "to the extent required under PHS Act section 2713," *see* 29 C.F.R. § 2590.712 (e)(3)(ii), then it is unlikely that Plaintiff will ultimately prevail in this lawsuit.

governs the Plan). Plaintiff's Complaint further describes a systematic breach in which the Policy is interpreted in a way that consistently excludes coverage for benefits that must be covered under the Federal Parity Act. Therefore, in light of the relatively low standard governing this motion, the Court finds that Plaintiff sufficiently pled a claim for breach of fiduciary duties.

C. Equitable Relief

Plaintiff's third claim is for injunctive and equitable relief under 29 U.S.C. § 1132(a)(3). Dkt. # 1 (Complaint) at ¶¶ 38-39. Defendants argue that Plaintiff may not take advantage of ERISA's "catchall" provision because he already has an adequate monetary remedy. Dkt. # 11 at 13. This argument is not persuasive in light of *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 961 (9th Cir. 2016), which recognized that "§ 1132(a)(1)(B) and § 1132(a)(3) claims can proceed simultaneously if they plead distinct remedies." Plaintiff may pursue alternative claims for relief as long as he does not obtain double recoveries. *Id.* Accordingly, the Court finds that Plaintiff may simultaneously plead his second and third causes of action.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss. Dkt. # 11.

Dated this 28th day of November, 2017.

_____
The Honorable Richard A. Jones
United States District Judge