THE HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

D.T., by and through his parents and guardians, K.T. and W.T., individually, on behalf of similarly situated individuals, and on behalf of the NECA/IBEW Family Medical Care Plan,

NO. 2:17-cv-00004-RAJ

Plaintiff,

**PLAINTIFF'S MOTIONS *IN LIMINE***

v.

NECA/IBEW FAMILY MEDICAL CARE PLAN, THE BOARD OF TRUSTEES OF THE NECA/IBEW FAMILY MEDICAL CARE PLAN, SALVATORE J. CHILIA, ROBERT P. KLEIN, DARRELL L. MCCUBBINS, GEARY HIGGINS, LAWRENCE J. MOTER, JR., KEVIN TIGHE, JERRY SIMS, AND ANY OTHER INDIVIDUAL MEMBER OF THE BOARD OF TRUSTEES OF NECA/IBEW FAMILY MEDICAL CARE PLAN,

**Noted for Consideration:
November 15, 2019**

Defendants.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTIONS *IN LIMINE*.
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................................... 1

II.  FACTS ................................................................................................................... 1

    A.  Procedural History ....................................................................................... 1

    B.  Defendants' Lay Witness Disclosures .......................................................... 2

    C.  Defendants' Expert Disclosures ................................................................... 3

        1.  Mark Fish ........................................................................................... 3

        2.  Jen Maki, Ph.D. .................................................................................. 4

    D.  Testimony and Documents From BCBSGA ................................................... 5

III.  LAW AND ARGUMENT ....................................................................................... 6

    A.  Rule 26 Requires Timely and Complete Disclosures of All Witnesses. ................... 6

        1.  Defendants Are Barred from Calling Previously
            Undisclosed Trial Witnesses. ............................................................. 8

    B.  Defendants' Experts May Only Testify on Opinions Disclosed in Their
        Expert Reports. ............................................................................................. 9

        1.  Defendants Have No "Substantial Justification" to Ask
            their Experts to Develop New Opinions ............................................. 10

        2.  Additional Expert Opinions on Damages Would be
            Improper Supplementation Under Fed. R. Civ. P. 26(e)(2). ................. 13

        3.  Defendants are Barred from Presenting Expert Testimony
            Concerning "Statistical Analysis." ..................................................... 14

    C.  Defendants Are Barred from Presenting Evidence from BCBSGA at Trial
        That They Blocked the Class from Obtaining During Discovery. .................... 15

IV.  CONCLUSION ................................................................................................... 16

PLAINTIFF'S MOTIONS *IN LIMINE*. – ii
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

# I. INTRODUCTION

Defendants chose to disclose only three lay witnesses and two expert witnesses. Nearly a month after the close of discovery, and long after the depositions of the identified witnesses, defendants revealed in their Pre-Trial Statement that they plan to call additional, never-disclosed lay witnesses and present opinions from their experts not included in their reports. It is simply too late for defendants to disclose new witnesses and new expert opinions.

Plaintiff's counsel certifies that they have in good faith conferred with Defendants' counsel in an effort to resolve which matters remain in dispute and which may be resolved short of a contested motion.[1] Hamburger Decl., ¶¶11-14, *Exhs. J, L.*

# II. FACTS

## A. Procedural History

Plaintiff filed this Class Action Complaint on January 4, 2017. Dkt. No. 1. Defendants' Motion to Dismiss was denied in full on November 27, 2017. Dkt. No. 20. Class certification was granted on March 26, 2019. Dkt. No. 54.

Shortly thereafter, this Court entered an Order setting Trial Dates and related dates. Dkt. No. 56. On the parties' stipulated motion, the Court amended the Case Scheduling Order, extending the deadline for expert witness disclosures. Dkt. No. 57, and Docket Text dated June 6, 2019 (together, referred to as Dkt. No. 57). The parties were required to disclose their expert witness Reports no later than June 28, 2019 and their Expert Rebuttal Reports no later than July 26, 2019. *Id.* The amended case schedule set September 20, 2019 as the Deadline to Complete Discovery. *Id.*

---

[1] Certain issues appear to be resolved, as defendants confirmed that they will not attempt to add Matt Plachta as an undisclosed expert witness, and they will not use undisclosed documents that were withheld based upon attorney-client or work-product privilege, unless the Court orders their production in discovery. *See* Hamburger Decl., *Exh. L.*

PLAINTIFF CLASS'S MOTIONS *IN LIMINE* – 1
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

**B.      Defendants' Lay Witness Disclosures**

On December 12, 2017, Defendants served their initial disclosures identifying the following "individuals likely to have discoverable information that the FMCP may use to support its claims and defenses:" Lawrence Bradley, Lisa Trunzo, CompuSys of Utah, Inc. and K.T., the father of Plaintiff D.T. *See* Hamburger Decl., ¶3, *Exh. A*. Defendants never served the Class with a supplemental Rule 26 disclosure listing ***any*** additional lay witnesses. *Id.,* ¶5.[2] If defendants had timely identified additional witnesses in a supplemental disclosure, Class counsel would have likely taken their deposition before the close of discovery. *Id.,* ¶7.

After-hours on Friday, October 18, 2019, Defendants emailed their Pretrial Statement to Class counsel. *Id.,* ¶6. For the first time, defendants disclosed new witnesses that they intended to call at trial, described as "Unidentified persons at MetLife," "Unidentified persons at BCBSGA," and Christi Piti, the Chief Executive Officer of Sav-Rx Prescription Service. *Id., Exh. B*, pp. 9-11. The unidentified MetLife witnesses are listed as having "Administration of dental benefits through the Plan" as their "field of expertise;" and, Ms. Piti is listed as having expertise in "Administration of prescription drug benefits through the Plan." *Id.*, p. 11.

The Class was unaware that Ms. Piti or anyone at MetLife had relevant information that might be used by defendants in this litigation. Defendants did not disclose these witnesses, nor the information about which they would testify before the discovery cutoff. As a result, Class counsel did not know to subpoena their records or depose them. *Id.,* ¶¶3, 5-9.

The Class could not guess that defendants would use Ms. Piti or "unknown witnesses" from MetLife. Defendants produced only two documents that have the "Sav-Rx" name and logo. *See id., Exh. D.* Neither indicate that Ms. Pipi is the originator, custodian or recipient of the document. *See id.* No documents were produced in discovery listing or identifying "MetLife" in

---

[2] Defendants' Responses to Plaintiff's First Discovery Requests, delivered on February 20, 2018, identified only Mr. Bradley, Ms. Trunzo and "Members of the Board of Trustees" of the Plan as "individuals with knowledge related to each [affirmative] defense" asserted by Defendants; however, Defendants have never identified any specific Trustee or anyone else as a potential witness in a supplemental disclosure. Hamburger Decl., ¶4, *Exh. B*, p. 10.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

any capacity.  *Id.,* ¶9.  And while the Class anticipated that defendants might attempt to rely on witnesses from BCBSGA, both defendants and BCBSGA have strenuously resisted the Class's discovery efforts.  *See* Dkt. Nos. 62, 73, and 74.  Defendants cannot freely use BCBSGA's testimony and information at trial when they actively opposed the Class's timely efforts at discovery regarding the BCBSGA information.

## C.    Defendants' Expert Disclosures

Defendants disclosed two expert witnesses:  Mark Fish and Jen Maki, Ph.D. Hamburger Decl., ¶ 5, *Exh. E*, p. 1, Dkt. No. 68-3 at 1.  Neither Dr. Maki nor Mr. Fish offered opinions about the proper amount or methodology for measuring the Class's damages, should it prevail on liability. Hamburger Decl., ¶2; *see infra*, §§II(C)(1)-(2), III(B)(1)-(3).  It is too late for them to expand their opinions now.

### 1.    Mark Fish

At deposition, Mr. Fish testified that he did not have any opinions about the proper amount of or method for calculating damages, ***at that time***.[3] Mr. Fish's testimony consistently focused on estimating the ***prospective*** costs to the Plan of adding so-called "developmental delay" coverage as a benefit. *See, e.g.,* Hamburger Decl., *Exh. G,* pp. 31:16-32:22 (Fish's testimony of his charge from Defendants' counsel and his report's main opinion); Dkt. 68-3, pp. 1, 6, 8-9, 11, 13 (expert report's descriptions of Mr. Fish's charge from Defendants' counsel and work performed).[4]

---

[3] The following exchange illustrates this:

Q.  [Mr. Gross] [A]t this point in time, do you have any particular opinions about the proper amount of damages or method for calculating damages owed to the plaintiffs if the Court finds defendants liable for unlawfully failing to cover developmental delays?

A.  [Mr. Fish] Again, at this point I haven't reviewed it in the context of damages.

Hamburger Decl. *Exh. G*, p. 101:10-17.

[4] For example, Mr. Fish agreed at deposition that he was "asked [by Defendants' counsel] to provide an estimate of and explain how much it would cost for the plan to cover beneficiaries' assessment and treatment for developmental delays ***if the plan was to add that as a benefit***" and that he "provided that estimate and explanation of how [he] reached" it. Hamburger. Decl., *Exh. G*, pp. 31:16-32:1 (emphasis added). *See also, id.*, p. 101:17-20.

PLAINTIFF CLASS'S MOTIONS *IN LIMINE* – 3
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

Nonetheless, near the end of the deposition, Mr. Fish briefly stated that defense counsel *might* ask him to opine on damages:

> I have been advised by counsel that I may be asked to opine on damages, if that's required by – as part of this matter in case. The fact that Dr. Fox appears to have damages going back to 2011 there – I may, as part of coming up with my estimated damages, if that's the case, may be asked to compare mine to Dr. Fox's.

Hamburger Decl., *Exh. G*, p. 100:12-25.[5] Plaintiff's counsel asked Mr. Fish if he had "any particular opinions about the proper amount of damages or method for calculating damages owed to the plaintiffs if the Court finds defendants liable for unlawfully failing to cover developmental delays." In response, Mr. Fish stated:

> [A]t this point I haven't reviewed it in the context of damages…. But, I haven't come – wasn't asked to form an opinions and don't have a current opinion relate to any damages that may have been presented elsewhere, such as the Fox report.

*Id.,* p. 101:10-17. Class counsel received no further disclosures from defendants about this until they were served with Defendants' Pretrial Statement, which listed Mr. Fish's "Field of Expertise" as "Cost and *damages analysis*." *Id., Exh. C* at 11 (emphasis added). Defense counsel confirmed on October 24, 2019 that they might call Mr. Fish to testify as an expert on damages. *Id.,* ¶¶12-14, *Exh. P.* Defendants never served Class counsel with a supplemental report from Mr. Fish on damages. *Id.,* ¶5.

## 2.   Jen Maki, Ph.D.

Dr. Maki produced an initial expert report and two rebuttal reports. *Id.,* ¶5, *Exhs. E, H* and *I.* Dr. Maki's reports focused on the availability of school-based services to address the needs of children with disabilities, the availability of ABA and NDT providers to serve children with ASD, and how these factors might impact the utilization of health care services, should Defendants add developmental delay coverage as a benefit. *See, e.g., id., Exh. E,* p. 3 (summary

---

[5] It is unclear when Defendants determined they might seek this additional undisclosed opinion from Mr. Fish. Asked when Defendants' counsel had told him that they might seek his opinion on damages, Mr. Fish said that he "couldn't recall" when they first broached the subject, but that it was "fairly recent," and that they had discussed it with him more than once, including the day before the deposition. Hamburger Decl., *Exh. G*, p. 101:1-9.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

of opinions), *Exh. H,* pp. 4-5 (opinion in report rebutting Dr. Cowan); *Exh. I,* pp. 4-6 (opinion in report rebutting Dr. Fox). In deposition, Dr. Maki confirmed that she did not intend to testify regarding opinions other than those listed in her reports. *Id., Exh. F* at 67:14-68:20.

In Defendants' Pre-Trial Statement, however, defendants disclose for the first time that Dr. Maki might be called as an expert in "statistical analysis," although this subject was never mentioned in her prior expert reports or in her deposition. *Id.,* ¶2. Defendants confirmed on October 24, 2019 that they might seek to call Dr. Maki to testify as an expert on statistical analysis. *Id.,* ¶14, *Exh. L.* Defendants never submitted a supplemental report from Dr. Maki addressing this subject. *Id.,* ¶5.

**D.     Testimony and Documents From BCBSGA**

The Class timely served a subpoena duces tecum for a Rule 30(b)(6) deposition and a subpoena duces tecum for production of documents, both of BCBSGA. Although no stay has been issued by the Court, BCBSGA has refused to respond to either subpoena. Dkt. No. 98, ¶4. In addition, Defendants have piled on with their own motion for a protective order to bar production by BCBSGA of unidentified documents and information subpoenaed by the Class that defendants vaguely claim are protected by attorney client privilege, but for which they provide no privilege log or even a sworn statement regarding their privileged nature. *See* Dkt. Nos. 74, 84. Additionally, defendants have moved for a protective order to prevent the Class from deposing BCBSGA. Dkt. No. 73. These motions remain pending before the Court and no resolution of the dispute has occurred.

Despite defendants' efforts to block the Class's discovery into BCBSGA's administration of the Developmental Delay Exclusion, defendants declare that they intend to use BCBSGA testimony and perhaps documents that were never produced in discovery. *See* Hamburger Decl., ¶14, *Exh. L.* Defendants should not be allowed to freely use BCBSGA testimony and documents at trial when they have blocked the Class's discovery into BCBSGA's administration of the Exclusion during discovery.

PLAINTIFF CLASS'S MOTIONS *IN LIMINE* – 5
[Case No. 2:17-cv-00004-RAJ]

### III. LAW AND ARGUMENT

**A.      Rule 26 Requires Timely and Complete Disclosures of All Witnesses.**

The Federal Rules require that a party identify, in its initial disclosures, every witness with discoverable information "that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). The identification must be accompanied by a list of "the subjects" upon which testimony might be offered at trial.  *Id.*

> A party who fails to comply with Rule 26 will not be permitted to use as evidence at trial, hearing, or motion any witness or information not so disclosed unless the failure to disclose is substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).

*Tabbert v. Howmedica Osteonics Corp.,* 2017 U.S. Dist. LEXIS 222916, *13 (E.D. Wash., October 18, 2017). *See also Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014); *Holen v. Jozic*, 2018 U.S. Dist. LEXIS 188479, *5 (W.D. Wash. Nov. 2, 2018).  As the Ninth Circuit explained in affirming the exclusion of witnesses not timely disclosed under Rule 26:

> The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush. ***After disclosures of witnesses are made, a party can conduct discovery of what those witnesses would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context***. Orderly procedure requires timely disclosure so that trial efforts are enhanced and efficient, and the trial process is improved. The late disclosure of witnesses throws a wrench into the machinery of trial. A party might be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans. ***And if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension. This in turn threatens whether a scheduled trial date is viable. And it impairs the ability of every trial court to manage its docket***.

*Ollier*, 768 F.3d at 862-863 (emphasis added).

Rule 37(c)(1)'s exclusion of undisclosed or improperly disclosed witnesses is "a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Inteum Co., LLC v. Nat'l Univ. of Singapore,* 2019 U.S. Dist. LEXIS 46043, *3 (W.D. Wash. March 20, 2019), *quoting Goodman v. Staples The Office Superstore, LLC,* 644 F.3d 817, 827 (9th Cir. 2011)

PLAINTIFF CLASS'S MOTIONS *IN LIMINE* – 6
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

(citations omitted). Rule 37(c)(1) is "'intended to put teeth into the mandatory … disclosure requirements' of Rule 26(a) and (e)." *Ollier*, 768 F.3d at 861 (citations omitted).

"The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "Plaintiffs [are] not required to articulate how they would be prejudiced by Defendants' failure to [disclose]" to garner the exclusion of improperly disclosed information. *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012). Rather, the party seeking to avoid Rule 37's otherwise automatic exclusionary sanction bears the burden of establishing harmlessness or substantial justification. *Ballard Marine Constr., Inc. v. EHW Constructors,* 2019 U.S. Dist. LEXIS 28667, *3 (W.D. Wash. Feb. 22, 2019), *citing Yeti by Molly, Ltd.*, 259 F.3d at 1106. The Ninth Circuit has expressly opined that the exclusion sanction, "may be appropriately imposed under Rule 37(c) in the absence of any willfulness, fault, or bad faith on the part of the dilatory party, even where its imposition may render it difficult or impossible for that party to prove his or her case." *Affiliated FM Ins.*, 2014 U.S. Dist. LEXIS 53211, *39 (W.D. Wash. Apr. 16, 2014), *citing Yeti by Molly, Ltd.,* 259 F.3d at 1106 ("even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)"). *See also Wong 1*, 2018 U.S. Dist. LEXIS 167242, *16 ("So long as the sanction is less than dismissal, the Court need not find willfulness, fault or bad faith.")

Fed. R. Civ. P 26(e) requires a party to supplement or correct the disclosures they made under Rule 26(a), when "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…." *Attachmate Corp. v. Healthnet, Inc.,* 2010 U.S. Dist. LEXIS 136532,*4 (W.D. Wash. Dec. 16, 2010), *quoting* Fed. R. Civ. P. 26(e)(1)(A). To be clear though, "Rule 26(e) allows a party to 'supplement or correct' disclosures under Rule 26(a), not to add new witnesses who intend to offer entirely new evidence

PLAINTIFF CLASS'S MOTIONS *IN LIMINE* – 7
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

following the close of discovery." *Guzik Tech. Enters. v. Western Digital Corp.*, 2013 U.S. Dist. LEXIS 164727, \*13-14 (N.D. Cal. Nov. 18, 2013) (citations omitted); *Accentra Inc. v. Staples, Inc.,* 2010 U.S. Dist. LEXIS 144330, \*20 (C.D. Cal. Sept. 10, 2013).

### 1.   Defendants Are Barred from Calling Previously Undisclosed Trial Witnesses.

Defendants' belated disclosure of "Christy Piti," "Unidentified persons from MetLife and "Unidentified Persons from BCBSGA" as trial witnesses, long after the close of discovery violates the disclosure requirements of Fed. R. Civ. P. 26(a), meriting automatic exclusion of these witnesses at trial. Fed. R. Civ. P. 37. *Ollier*, 768 F.3d at 862; *Holen*, 2018 U.S. Dist. LEXIS 188479, at \*5.[6] Defendants first gave Plaintiffs notice of the possibility that they would call Ms. Piti and these "unidentified persons" from MetLife and BCBSGA as trial witnesses on October 18, 2019. Hamburger Decl., ¶¶3-6, 8, *Exh. C*, pp. 9-11. It was the first time since Defendants served their Initial Disclosures on December 17, 2017 that Defendants disclosed *anyone* as an additional lay witness other than Larry Bradley, Lisa Trunzo and D.T.'s father K.T.[7] *Id*., ¶¶3, 5-6; *Exh. A* at 1-2. These disclosures are too late, unjustified and far from harmless.

Defendants' disclosure in their Pre-Trial statement may not be viewed as a timely supplementation of their initial disclosures under Fed. R. Civ. P. 23(e)(2). It appears that Ms. Piti and the unidentified MetLife witness(es) were only disclosed because defendants need to rebut the testimony of their own Rule 30(b)(6) witness, Lisa Trunzo, and that the Plan's Office Manager, Jeri Hill, regarding dental and prescription drug coverage. *See* Dkt. No. 97, p. 7, *citing to* Dkt. No. 11-3, pp. 128-129, §10.6.B.20.b.2; Dkt. No. 37-1, *Exh. C*, p. 77:12-15; *Exh. E,* pp. 27:18-28:3 (dental coverage includes anesthesia for enrollees with ASD); Dkt. No. 11-3,

---

[6] Defendants' listing of "unidentified persons" as trial witnesses in their Pretrial Statement also runs afoul of LCR 16(i)(4)'s requirement that Defendants' Pretrial Statement contain "[t]he names and addresses of all witnesses who might be called by defendant."

[7] Defendants' Initial Disclosures also identified a company, CompuSys of Utah, as a potential witness. Hamburger Decl. *Exh. A* at 1.

PLAINTIFF CLASS'S MOTIONS *IN LIMINE* – 8
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

p. 133, §10.6.B.33.a; Dkt. No. 37-1, *Exh. C*, pp. 76:10-77:1; *Exh. D* (prescription medications to treat the symptoms of ASD are covered). This testimony was obtained in April-May 2018, ***over sixteen months ago***. Defendants had plenty of time to correct the testimony or disclose this new information before discovery ended. It is now too late. Fed. R. Civ. P. 26(e) and 30(e).

Defendants cannot be surprised by the Class's arguments in the Motion for Partial Summary Judgment on the Mental Health Parity Act. *See* Dkt. No. 97. This claim was alleged in the Complaint. *See* Dkt. No. 1, ¶10. The Plan's coverage of prescription drugs to address ASD was referenced in the Plaintiff's opposition to Defendants' Motion to Dismiss. *See* Dkt. No. 16, pp. 16-17. It was also raised in the Plaintiff's briefing on Class Certification, along with coverage of dental treatment. Dkt. No. 34, p. 8, Dkt. No. 47, p. 8. Defendants cannot credibly argue that they have only recently become aware of the need for witnesses to address these issues. These witnesses should be excluded from testifying at trial. Fed. R. Civ. P. 37. *Ollier*, 768 F.3d at 862.

**B.     Defendants' Experts May Only Testify on Opinions Disclosed in Their Expert Reports.**

The federal rules establish specific requirements for the disclosure of expert witnesses, their qualifications and their proposed testimony. Retained experts must furnish a written report—prepared and signed by the witness—if the witness will provide expert testimony in the case. Fed. R. Civ. P. 26(a)(2)(B). The report must contain:

> (i)     a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)    the facts or data considered by the witness in forming them;
> (iii)   any exhibits that will be used to summarize or support them;
> (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi)    a statement of the compensation to be paid for the study and testimony in the case.

*Miller v. United States*, 2019 U.S. Dist. LEXIS 160916, *4 (W.D. Wash. Sept. 19, 2019), *quoting* Fed. R. Civ. P. 26(a)(2)(B). Even for unretained experts, a "party must disclose: '(i) the subject

PLAINTIFF CLASS'S MOTIONS *IN LIMINE* – 9
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.'" *Medvedeva v. City of Kirkland,* 2015 U.S. Dist. LEXIS 180837, *2 (W.D. Wash. Aug. 21, 2015), *quoting* Fed. R. Civ. P. 26(a)(2)(C).

Fed. R. Civ. P. 37 authorizes the "automatic" and "self-executing" sanction of excluding both undisclosed witnesses and undisclosed or untimely disclosed expert opinions. *See Ollier*, 768 F.3d at 861 ("A party that does not timely identify a witness under Rule 26 may not use that witness to supply evidence at trial 'unless the failure was substantially justified or is harmless'"); *Wong v. Seattle Sch. Dist. No. 1,* 2018 U.S. Dist. LEXIS 167242, *25-26 (W.D. Wash. Sept. 27, 2018) ("*Wong 1*") (barring untimely disclosed expert witness); *Luke v. Emergency Rooms, P.S.,* 2008 U.S. Dist. LEXIS 10516, *7-11 (W.D. Wash. Feb. 12, 2008) (court limits expert testimony to timely disclosed opinion and excludes untimely disclosed new opinions issued by previously disclosed experts).

Each party must disclose expert witnesses by the expert disclosure deadline set by the Court. Fed. R. Civ. P. 26(a)(2); *Dolan v. Sentry Credit, Inc.*, 2018 U.S. Dist. LEXIS 203391, *2 (W.D. Wash. Nov. 30, 2018). The very latest Defendants could have disclosed a new expert witness or offered a new expert opinion was July 26, 2019.  Dkt. 57 at 2. Once discovery closed on September 20, 2019, it was too late for Defendants to ask their experts to offer new opinions without "substantial justification."  *See* Fed. R. Civ. P. 26(a); Fed. R. Civ. 37(c); *Yeti by Molly, Ltd.,* 259 F.3d at 1106.

1.    **Defendants Have No "Substantial Justification" to Ask their Experts to Develop New Opinions.**

Defendants timely disclosed only two expert witnesses – Jen Maki, Ph.D. and Mark Fish – both of whom were retained by defense counsel to provide expert testimony in this matter. Dkt. No. 57; Hamburger Decl., ¶5. Neither offered opinions in their expert or rebuttal reports about the proper measure of damages or method for calculating damages should the Plaintiff Class prevail

on liability. Hamburger Decl., ¶2, *Exh. F*, p. 69:15-20[8], *Exh. G*, p. 101:10-17).  Neither witness

offered a specific opinion related to damages during their deposition.  Hamburger Decl., *Exh. F*

at 69:15-20; *Exh. G* at 100:11-25, 101:10-17, 101:25-102:3.  Defense counsel's plan for Mr. Fish

to develop such an opinion, after discovery has closed, comes too late.

> To allow Defendants to introduce new expert opinions on the eve of trial, would defeat
the purpose of Rule 26(a)(2)(B), which requires a retained expert's report to contain "***a complete
statement** of **all** opinions* that [they] will express at trial," along with the basis and reasons for
them and the facts or data considered by the witness forming them. *Johnson v. Kelly,* 2017 U.S.
Dist. LEXIS 70049, *14-15 (W.D. Wash. May 8, 2017) (emphasis added); Fed. R. Civ. P.
26(a)(2)(B)(i), (ii). Mr. Fish's mention at his deposition that a new opinion ***might*** be developed
at some point in the future, does not excuse Defendants' deficient disclosures.  Even when a party
has had the opportunity to depose an expert witness about a previously undisclosed opinion, courts
have concluded that "[d]isclosure at a deposition is not an adequate substitute for timely disclosure
in an expert report." *M.H. v. County of Alameda,* 2015 U.S. Dist. LEXIS 12081,*6 (Feb. 1, 2015
N.D. Cal.); *see also Ward v. City of S. Lake Tahoe,* 2007 U.S. Dist. LEXIS 60000, *4 (E.D. Cal.,
Aug. 7, 2007). In the case at bar, however, Class counsel's attempt to depose Mr. Fish about his
potential damages opinions – without any formal disclosures or time to prepare – revealed that
Mr. Fish at that time had ***no opinions*** about damages and was consequently unable to provide the
"basis and reasons for them" and "the facts or data" he would consider in forming them.
Hamburger Decl., *Exh. G*, p. 101:10-17 ("I haven't reviewed it in the context of damages.");

---

[8] When asked at deposition if she "intend[ed] to offer any opinion on the proper amount of damages or method for calculating damages owed to the plaintiffs if the Court finds the defendants liable for failing to cover developmental delays," Dr. Maki responded "I'm not planning to." Hamburger Decl., *Exh*. F, p. 69:15-20. Similarly, when Mr. Fish was asked at deposition if "[a]t this point in time, do you have any particular opinions about the proper amount of damages or method for calculating damages owed to the plaintiffs if the Court finds defendants liable for unlawfully failing to cover developmental delays," Mr. Fish responded "Again, at this point I haven't reviewed it in the context of damages." *Id*., *Exh. G*, p. 101:10-17.

PLAINTIFF CLASS'S MOTIONS *IN LIMINE* – 11
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

p. 102:1-2 (Mr. Fish: "[I do]n't have a current opinion relative to any damages that may have been presented elsewhere, such as in the Fox report.").

Granting the Class a new deposition of Mr. Fish once he develops his new opinions on damages does not ameliorate defendants' belated disclosure:

> Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony. The purpose of Rule 26(a)(2) is to provide notice to opposing counsel—before the deposition—as to what the expert witness will testify, and this purpose would be completely undermined if the parties were allowed to cure deficient reports with later deposition testimony. Allowing parties to cure a deficient report with later depositions would further undermine a primary goal of Rule 26(a)(2): to shorten or decrease the need for expert depositions.

*Ciomber v. Coop. Plus, Inc.,* 527 F.3d 635, 642 (7th Cir. 2008). Even if the Court were disposed to consider Rule 37 sanctions short of barring this undisclosed expert testimony, it is clear that Defendant's delayed development of expert testimony on damages is far from harmless, making exclusion the only appropriate remedy.[9] Without an expert disclosure meeting the requirements of Rule 26(a)(2), the Class cannot prepare for a new deposition of Mr. Fish or obtain a new rebuttal report from Dr. Fox to address Mr. Fish's unidentified opinions, obtain any additional discovery that might be necessary to address this new testimony, ***and*** obtain the court's authorization for waiving the discovery and expert disclosure deadlines to make all that possible. Not only would defendants' belated disclosure cause the Class to incur additional litigation expenses, it would also prejudicially impact the Class's ability to meet the other Court-imposed deadlines:

> [T]o disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well. Disruption to the schedule of the court and other parties in that manner is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.

---

[9] The burden of demonstrating that the delayed disclosure is "substantially justified" and "harmless" falls to Defendants. *Yeti by Molly, Ltd.,* 259 F.3d at 1107. Nonetheless, the Class offers argument that Defendants' disclosure violations were neither justified nor harmless, since no reply is permitted for Motions *in Limine*. LCR 7(d)(4).

*Wong v. Regents of the Univ. of Cal*., 410 F.3d 1052, 1062 (9th Cir. 2005) [hereinafter "*Wong 2*"]; *Theoharis v. Rongen,* 2104 U.S. Dist. LEXIS 98096, *24 (W.D. Wash. July 18, 2014), *citing Wong 2*. No such reasons exist here.

> **2.    Additional Expert Opinions on Damages Would be Improper Supplementation Under Fed. R. Civ. P. 26(e)(2).**

Fed. R. Civ. P 26(e) requires a party to supplement or correct the disclosures they made under Rule 26(a), when "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…." *Attachmate Corp.,* 2010 U.S. Dist. LEXIS 136532 *4, *quoting* Fed. R. Civ. P. 26(e)(1)(A).  Rule 26(e)'s supplementation mandate permits parties to add new opinions to an expert disclosure only when such opinions are based on evidence that was ***not*** available to them at the time the initial disclosure was due. *Affiliated FM Ins. Co.*, 2014 U.S. Dist. LEXIS 53211, *32; *Attachmate Corp.,* 2010 U.S. Dist. LEXIS 136532, *6. Thus, "[t]he duty to supplement does not give license to surprise one's opponent with issues which should have been included in the expert witness disclosure." *Id.* "[A] supplemental expert report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion under [Fed. R. Civ. P.] 37(c)." *Sudre v. Port of Seattle,* 2016 U.S. Dist. LEXIS 166832, *68-69 (W.D. Wash. Dec. 2, 2016) (citation omitted).

Defendants may argue that they will not know whether a damages analysis is necessary until the Court rules on the parties' pending dispositive motions regarding liability. *See* Dkt. Nos. 77, 97, 100.  Such an argument would be meritless.  Plaintiff announced in his Complaint that he sought to recover damages "due to the failure to provide benefits due under the Plan as modified by the Federal Parity Act and its implementing regulations." Dkt. No. 1, pp. 4:24, 11:17-19.  Class counsel even provided Defense counsel with an advance copy of Dr. Fox's damages analysis from another case involving exclusions of ABA and NDT, which they, in turn,

PLAINTIFF CLASS'S MOTIONS *IN LIMINE* – 13
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

provided to Mr. Fish, who considered it when drafting his report. *See* Dkt. No. 68-3, p. 14 (Mr. Fish had copies of Dr. Fox's reports related to damages calculated in *A.E. v. King County*, No. 2:14-cv-00280-TSZ).   Defendants cannot claim that they did not know that a damages analysis would be presented by the Class.

Even after Dr. Fox's expert opinion was disclosed, Defendants failed to obtain an expert rebuttal opinion regarding damages.  In early August, one of the Class counsel, Ms. Hamburger, raised this issue with Ms. Downs, defense counsel, explaining that defendants had no response to Dr. Fox's damages analysis in an effort to encourage defendants to mediate the dispute. Hamburger Decl., ¶15.  Had defendants obtained the missing damages analysis in August, before the cutoff, the Class might still have been able to conduct discovery related to it.   In sum, defendants and their counsel were well aware that they failed to obtain an expert damages analysis before Mr. Fish's deposition and the discovery cutoff.  They simply decided to take their chances and wait. "Rule 26(e) does not grant a license to supplement a previously filed expert report because a party wants to." *Attachmate Corp.,* 2010 U.S. Dist. LEXIS 136532 *5 (citations omitted).  It is now too late.  The Court should exclude any such testimony.  Fed. R. Civ. P. 37(c)(2); *Yeti by Molly, Ltd.,* 259 F.3d at 1106.

### 3.    Defendants are Barred from Presenting Expert Testimony Concerning "Statistical Analysis."

Defendants should be similarly barred from proffering opinions from Dr. Maki that were not disclosed in her initial expert and rebuttal reports, including ones related to "statistical analysis." Dr. Maki's testimony in her three expert reports and her deposition focused on two overlapping areas: (1) discussing how school-based services for children with disabilities and the size of the pool of ABA and NDT providers in an area might impact the use of these services by persons with disabilities (*see, e.g.,* Hamburger Decl., *Exh. E,* pp. 1, 4, 10, 20; *Exh. H,* pp.4-5); and (2) critiquing Dr. Fox's report from a health economist's perspective.  *See, e.g., id., Exh. F* pp. 39:23-40:6,  46:20-23,  49:15-19,  51:8-11;  *Exh. I,*  pp. 3-6.  By  contrast,  "statistics"  and

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

"statistical analysis" are not mentioned anywhere in Dr. Maki's three expert reports or in her deposition. *Id.*, ¶2. Defendants now propose to shoehorn into Dr. Maki's testimony new opinions about "statistical analysis," as described in defendants' Pre-Trial Statement.  They confirmed as much on October 22 and 24. 2019. Hamburger Decl., ¶¶5-6, *Exh. C*, p. 11; *Exh. P*. With such vague and inadequate disclosures, it is impossible to tell what opinions Dr. Maki might offer regarding statistical analysis, the basis and reasons for those opinions, and the facts and data considered by Dr. Maki in forming them.  *See* Fed. R. Civ. P. 26(a)(2)(B).  Of course, this late and vague disclosure related to Dr. Maki's opinions is prejudicial to the Class, which would incur additional legal effort and expense to engage in last-minute discovery about the disclosure on the eve of trial. *Wong 2*, 410 F.3d at 1060; *Theoharis*, 2014 U.S. Dist. LEXIS 98086 at *24.

**C.      Defendants Are Barred from Presenting Evidence from BCBSGA at Trial That They Blocked the Class from Obtaining During Discovery.**

"Where a party injects part of a communication as evidence, fairness demands that the opposing party be allowed to examine the whole picture." *Remington Arms Co. v. Liberty Mut. Ins. Co.,* 142 F.R.D. 408, 413 (D. Del. 1992). "In a similar vein, a party cannot introduce a document as evidence while denying the opponent sufficient discovery with respect to the 'surrounding circumstances and substance' of the document." *Turner v. Univ. of Wash.,* 2007 U.S. Dist. LEXIS 78281, *3 (W.D. Wash. Oct. 10, 2007), *quoting Merisant Co. v. McNeil Nutritionals, LLC,* 242 F.R.D. 303, 311 (E.D. Pa. 2007).

Defendants have opposed the production of documents and testimony by BCSBGA, despite claiming that BCSBGA is its agent and subject to its attorney-client privileges. *See, e.g.,* Hamburger Decl. ¶14, *Exh. P*, Dkt. Nos. 73, 74.  Defendants cannot have it both ways.  Either BCBSGA is subject to full discovery (both deposition and document production) or neither party should be able to use the BCBSGA documents and testimony that have not been produced.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

## IV. CONCLUSION

The Court should bar Defendants from presenting expert testimony from any so far undisclosed experts and regarding any opinion that was not properly included in Defendants' expert disclosures by Dr. Maki and Mr. Fish. Lastly, the Court should bar Defendants from offering BCBSGA witnesses or documentary evidence that was not produced in discovery.

DATED: October 25, 2019.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

*s/ Eleanor Hamburger*

*s/ Daniel S. Gross*
Richard E. Spoonemore (WSBA #21833)
Eleanor Hamburger (WSBA #26478)
Daniel S. Gross (WSBA #23992)
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303
Email:   rspoonemore@sylaw.com
              ehamburger@sylaw.com
              dgross@sylaw.com
Attorneys for Plaintiff Class

PLAINTIFF CLASS'S MOTIONS *IN LIMINE* – 16
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- **Katie M. Burch**
  kburch@phk-law.com

- **Kristina Detwiler**
  kdetwiler@unionattorneysnw.com, kanderson@unionattorneysnw.com

- **Tiffany D. Downs**
  tdowns@fordharrison.com, kgriffin@fordharrison.com, kbeech@fordharrison.com

- **Daniel S. Gross**
  daniel@sylaw.com, matt@sylaw.com, theresa@sylaw.com, stacy@sylaw.com

- **Eleanor Hamburger**
  ehamburger@sylaw.com, matt@sylaw.com, theresa@sylaw.com, stacy@sylaw.com

- **Mary Rebecca Knack**
  rknack@omwlaw.com, sbordeaux@omwlaw.com

- **Richard E. Spoonemore**
  rspoonemore@sylaw.com, matt@sylaw.com, rspoonemore@hotmail.com, theresa@sylaw.com, stacy@sylaw.com

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

- (No manual recipients)

DATED:  October 25, 2019, at Seattle, Washington.

___*s/Daniel S. Gross*_____
Daniel S. Gross (WSBA #23992)
dgross@sylaw.com

PLAINTIFF CLASS'S MOTIONS *IN LIMINE* – 17
[Case No. 2:17-cv-00004-RAJ]