UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

D.T., by and through his parents and guardians, K.T. and W.T., individually, on behalf of similarly situated individuals, and on behalf of the NECA/IBEW Family Medical Care Plan,

Plaintiff,

v.

NECA/IBEW FAMILY MEDICAL CARE PLAN, THE BOARD OF TRUSTEES OF THE NECA/IBEW FAMILY MEDICAL CARE PLAN, SALVATORE J. CHILIA, ROBERT P. KLEIN, DARRELL L. MCCUBBINS, GEARY HIGGINS, LAWRENCE J. MOTER, JR., KEVIN TIGHE, JERRY SIMS, AND ANY OTHER INDIVIDUAL MEMBER OF THE BOARD OF TRUSTEES OF NECA/IBEW FAMILY MEDICAL CARE PLAN,

Defendants.

NO. 2:17-cv-00004-RAJ

**ORDER STRIKING THE PARTIES' MOTIONS TO SEAL**

This matter comes before the Court on Plaintiff's Motions to Seal/Redact Pursuant to Local Civil Rule 5(g) (Dkt. Nos. 65, 76, 83, 96, and 108) and Defendants' Motions to Seal (Dkt. Nos. 60, 70, and 92). For the reasons stated below, the Court **STRIKES** the parties' motions.

## I.   DISCUSSION

The Court previously set forth the factual background of this case and will not repeat it here. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana*

ORDER – 1

*v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178. (internal quotation marks omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). As the Supreme Court has recognized, sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. The party seeking to seal a judicial record, however, must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (internal citations omitted). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992).

Additionally, in the Western District of Washington, parties moving to seal documents, <u>even if it is a stipulated motion</u>, must comply with the procedures established by Civil Local Rule 5(g). Pursuant to Local Rule 5(g), the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Rules LCR 5(g)(3)(B). Furthermore, where the parties have entered into a litigation agreement or stipulated protective order governing the exchange of documents in discovery, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B). Instead, the party who

ORDER – 2

designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion. *Id.*

While both parties have filed motions to seal, it is clear that almost all the documents have been designated as confidential by Defendants. Accordingly, the burden is on Defendants to satisfy subpart (3)(B). *See* W.D. Wash. Local Rules LCR 5(g)(3)(B). As an initial matter, the Court notes that many of the pending motions to seal fail to comply with the Local Rules and seek relief that is substantially overbroad. Defendants frequently rely on boilerplate assertions of harm to business interests in attempts to seal documents in their entirety without demonstrating why no less restrictive alternative would suffice. Furthermore, Defendants have clearly not explored alternatives such as redacting, as they request the Court to permit them to withdraw the exhibits and "consider whether submission in redacted form is possible," if their motions to seal are not granted. Dkt. # 105. This is unacceptable. Defendants are abusing the motions to seal process to drag the Court through an inefficient, convoluted briefing process that serves no purpose other than to confuse, overwhelm, and distract the Court. Accordingly, the Court will not entertain the pending motions.

## II. CONCLUSION

The Parties are hereby ORDERED to meet and confer and file a joint statement concisely consolidating their positions on any materials for sealing by November 15, 2019. Consistent with the Court's statement on the October 31, 2019 teleconference, Defendants should take the lead in preparing the joint statement since most, if not all, of the documents have been designated as confidential by Defendants. The joint statement must include (i) specific examples of harm from the designating party that would result from allowing the submitted materials, or portions thereof, into the public domain and (ii) articulated reasons as to why alternatives to sealing would be insufficient. The

ORDER – 3

parties should also indicate those documents that were previously sealed which they no longer believe should remain sealed.

The joint statement must include a chart of the parties' positions in the form below. Additionally, the parties must jointly submit to the Court a courtesy copy of the proposed materials for sealing in a tabbed three-ring binder in the order they appear in the chart. Where the designating party is proposing that only portions of a document be sealed, the redacted version shall immediately precede the document for sealing in the tabbed binder.

| ECF No. | Detailed Document Description | Designating Party | Specific Harm to Business Interests | Reasons why alternatives to sealing, such as redactions, are insufficient |
|---|---|---|---|---|
| | | | | |

For the reasons stated above, the Court **STRIKES** the parties' Motions to Seal (Dkt. Nos. 60, 65, 70, 76, 83, 92, 96, and 108).

DATED this 31st day of October, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4