The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D.T., by and through his parents and guardians, K.T. and W.T., individually, on behalf of similarly situated individuals, and on behalf of the NECA/IBEW Family Medical Care Plan,<br><br>Plaintiff,<br><br>v.<br><br>NECA/IBEW FAMILY MEDICAL CARE PLAN, THE BOARD OF TRUSTEES OF THE NECA/IBEW FAMILY MEDICAL CARE PLAN, SALVATORE J. CHILIA, ROBERT P. KLEIN, DARRELL L. MCCUBBINS, GEARY HIGGINS, LAWRENCE J. MOTER, JR., KEVIN TIGHE, JERRY SIMS, AND ANY OTHER INDIVIDUAL MEMBER OF THE BOARD OF TRUSTEES OF NECA/IBEW FAMILY MEDICAL CARE PLAN,<br><br>Defendants. | NO. 2:17-cv-00004-RAJ<br><br>**ORDER ON PARTIES' DISCOVERY MOTIONS** |

This matter comes before the Court on Non-Party Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.'s Motion to Quash Plaintiff's Subpoena for a Rule 30(b)(6) Deposition (Dkt. # 62), Defendants' Motion for a Protective Order Regarding Plaintiff's Subpoena Duces Tecum to Blue Cross Blue Shield of Georgia (Dkt. # 74), and Defendants' Motion for a Protective Order Regarding Plaintiff's Subpoena for a Rule 30(b)(6) Deposition (Dkt. # 73).

ORDER – 1

For the reasons that follow, BCBSGa's Motion to Quash is **GRANTED** in part and **DENIED** in part. Dkt. # 62. Defendants' Motions for a Protective Order are **GRANTED** in part and **DENIED** in part. Dkt. ## 73, 74.

## I. BACKGROUND

The Court previously set forth the factual background of this case and will not repeat it here. On July 31, 2019, Plaintiffs served a subpoena for 30(b)(6) testimony and a subpoena duces tecum to Blue Cross Blue Shield of Georgia ("BCBSGa") requesting information regarding BCBSGa's administration of the NECA/IBEW Family Medical Care Plan ("FMCP") claims system and the Developmental Delay Exclusion. *See* Dkt. # 67, Exs. A-B, Dkt. # 74, Ex. 5. On August 14, 2019, BCBSGa responded with objections to the subpoena duces tecum and refused to produce any documents. Dkt. # 67-1, Ex. J. BCBSGa also refused to produce a witness.

The parties represent that they have met and conferred on multiple occasions and were unable to reach an agreement. Dkt. # 67 at ¶ 7; Dkt. # 62 at 5. On August 22, BCBSGa moved to quash the 30(b)(6) subpoena. Dkt. # 62. Defendants subsequently moved for protective orders related to both BCBSGa subpoenas. Dkt. ## 73 and 74.

## II. DISCUSSION

The Court has broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011); *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is not privileged and that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### A. <u>BCBSGa's Motion to Quash</u>

Under Rule 45, any party may serve a subpoena commanding a nonparty "to attend and testify" or to "produce designated documents." Fed. R. Civ. P. 45(a)(1)(A)(iii). Any such subpoena is subject to the relevance requirements set forth in Rule 26(b). *See Moon v. SCP Pool Corp*., 232 F.R.D. 633, 636–37 (C.D. Cal. 2005). If requested, a court may quash or modify the subpoena for a variety of reasons, including that the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). A party objecting to a subpoena served on a non-party must move to quash. *See Moon*, at 636. The party who moves to quash a subpoena has the burden of persuasion. *Id*. at 637.

      i. <u>Topic 1</u>

BCBSGa argues that Topic 1 is overly burdensome and seeks information that is irrelevant or otherwise available in the Administrative Services Agreements between FMCP and Anthem/BCBSGa. The Court disagrees. Topic 1 requests, among other things, information regarding how the diagnosis codes for the Developmental Delay Exclusion were selected including changes over time and communications between Anthem and FMCP regarding the Developmental Delay Exclusion. The Court does not find these requests irrelevant, duplicative, or overly burdensome. In discovery disputes where relevance is in doubt, the Court should be permissive in allowing discovery. *Gonzales v. Google, Inc*., 234 F.R.D. 674, 681 (N.D. Cal. 2006). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Central to Plaintiff's case is FMCP's Developmental Delay Exclusion. Here, Plaintiff has provided evidence that Anthem/BCBSGa played a substantive role in

administering the Developmental Delay Exclusion under Anthem's claims system. *See* Dkt. # 67-1, Exs. Q, D, R. The fact that Plaintiff has already been provided with copies of the agreements between BCBSGa and FMCP is not dispositive. Plaintiff still has the right to ask BCBSGa about the agreements, communications BCBSGa may have had with FMCP regarding the agreements and the Developmental Delay Exclusion, and BCBSGa's involvement in the administration of the Developmental Delay Exclusion. Accordingly, BCBSGa's Motion to Quash Topic 1 is DENIED.

        ii.  <u>Topics 2 and 3</u>

BCBSGa next argues that Topics 2 and 3 of the subpoena are overly broad and unduly burdensome because they seek information related to the costs of providing developmental delay coverage across BCBSGA's entire "book of business." Dkt. # 62 at 8-10. BCBSGa also argues that Topics 2 and 3 seek information that is not relevant to Plaintiff's claims. *Id.*

Plaintiff contends that he previously attempted to resolve the dispute related to the scope of Topics 2 and 3 but was unsuccessful. Dkt. # 66 at 9. For example, after he learned that Frontier Communications (Plaintiff's father's employer) was going to add coverage for ABA therapy to all of its plans (except FMCP), Plaintiff claims that he informed BCBSGa that any estimate provided to Frontier calculating the costs of adding ABA therapy to Frontier's self-funded plans administered by Anthem, would suffice. Dkt. # 66 at 9 (citing Dkt. 67, Ex. E). According to Plaintiff, BCBSGa rejected this proposal. *Id.* BCBSGa responds that Plaintiff "never offered to narrow the scope of Topics 2 and 3 to cover only the 'Frontier Communications Plan'" and that Plaintiff instead suggested that BCBSGa provide the Frontier estimate and Plaintiff might then be "willing" to narrow the scope of the subpoena. Dkt. # 69 at 5, fn. 4.

As an initial matter, the Court is increasingly disappointed in the lack of cooperation between the parties. It appears clear to the Court that this dispute could

have been resolved, at least in part, without this Court's intervention. As previously expressed to the parties, the Court has an extremely congested motions docket and limited time and resources to dedicate to discovery antics. Needless to say, the Court finds the parties' litigation strategy both inefficient and unproductive.

With respect to the scope of the subpoena, the Court agrees that Topics 2 and 3, as currently stated, are overly broad. Under the broad discovery relevance standard, the Court acknowledges that information related to the estimated cost of adding coverage for ABA or NDT therapies to FMCP may be relevant to Plaintiff's claims, including Plaintiff's damages claim. However, the Court fails to see how the cost of providing these therapies to BCBSGa's entire book of business (approximately 1.4 million members across hundreds of health plans) is likely to yield evidence admissible in this action. Plaintiff, for his part, appears to acknowledge this since he now claims that he agreed to accept estimates limited to those plans. Dkt. # 66 at 9. Accordingly, to the extent that Topics 2 and 3 seek information regarding the current or estimated cost of providing therapies for diagnoses under the Developmental Delay Exclusion to Anthem/BCBSGa plans, other than FMCP or other Frontier Communications plans, the Motion to Quash is GRANTED.[1]

### B. Defendants' Motions for a Protective Order

In addition to BCBSGa's Motion to Quash, Defendants seek a protective order to quash or prevent the production of documents under Plaintiff's subpoena duces tecum and to preclude testimony under Plaintiff's subpoena for 30(b)(6) testimony from BCBSGa. *See* Dkt. ## 73 and 74. Under Rule 26(c), courts may, for good cause, limit

---

[1] BCBSGa also raises concerns regarding the confidential nature of the pricing information requested by Plaintiff. While the Court acknowledges that Plaintiff's request for pricing information related to BCBSGa's entire book of business is not justified, the Court finds that BCBSGa's interests are otherwise sufficiently protected under limitations outlined by the Court above and the Protective Order in this case.

ORDER – 5

discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden" and forbid inquiry into certain matters. Fed. R. Civ. P. 26(c)(1)(D). The burden of persuasion is on the party seeking the protective order to show good cause by "demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004). "If a court finds a particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors. Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Ultimately, the decision to issue a protective order lies within the court's discretion. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004).

### iii. Attorney-Client Privilege and the Work Product Doctrine

Defendants object to both subpoenas on the basis of the attorney-client privilege and the work product doctrine. The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The work product doctrine protects from discovery "documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989).

#### 1. Subpoena Duces Tecum

Defendants argue that information, documents, and communications between BCBSGa, FCMP, and FMCP's legal counsel are protected under the attorney-client privilege and the work product doctrine. As such, Defendants request a protective order preventing the production of such documents in response to Plaintiff's subpoena duces tecum issued to BCBSGa. The Court finds this request premature. The Court acknowledges that the subpoena may sweep within its scope communications Defendants and BCBSGa had with counsel for purposes of obtaining legal advice or in

anticipation of litigation. However, Defendants (and BCBSGa) may not circumvent their discovery responsibilities wholesale by claiming a general attorney-client privilege. Instead, Defendants or BCBSGa must assert specific, applicable privileges in a privilege log. Fed. R. Civ. P. 45(e)(2).

### 2. *Subpoena for 30(b)(6) testimony*

The attorney-client privilege and work product doctrine also does not support the issuance of a protective order related to Plaintiff's subpoena for 30(b)(6) testimony. Plaintiff correctly notes that to the extent Plaintiff's questions impinge on the attorney-client privilege or work product doctrine, Defendants have the ability to object to those questions and/or instruct the witness not to answer. Dkt. # 84 at 11. Defendants have not explained why this is insufficient to protect their interests and, as a result, the Court will not issue a broad order preventing Plaintiff from asking questions at a deposition.

### iv. Relevance

Finally, Defendants claim that the requested documents and testimony lack any relevance to the instant lawsuit. Dkt. # 74 at 7-8.[2] Although relevance in the discovery context is not a high hurdle, the requested discovery must appear "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

### 1. *Subpoena Duces Tecum*

Defendants argue that Topics 2 and 3 of the subpoena duces tecum, which seek information related to financial, actuarial, pricing or other cost estimates of adding coverage for developmental delays across Anthem's entire book of business, are irrelevant to this action. Dkt. # 74 at 7-8. Specifically, Defendants note that Anthem's

---

[2] Defendants also assert undue burden as a basis for imposing a protective order, however, Defendants lack standing to allege the subpoenas impose an undue burden on BCBSGa. *Eric v. Van Cleave*, No. C16-1278RSM, 2017 WL 553276, at *6 (W.D. Wash. Feb. 10, 2017). Accordingly, the Court will limit its analysis to Defendants' relevance arguments.

ORDER – 7

book of business includes multiple other "fully-insured" and "BCBSGa-administered plans" that are not similarly situated to FMCP's self-funded, self-administered plan. *Id.* at 8. The Court agrees.

Here, the Court fails to see how discovery related to Anthem's entire "book of business" could possibly be "reasonably calculated" to lead to evidence relevant to this action. While information related to the estimated cost of adding coverage for ABA or NDT therapies to FMCP may be relevant, Topics 2 and 3, as currently stated, are overly broad. Accordingly, to the extent that Topics 2 and 3 seek information regarding the current or estimated cost of providing therapies for diagnoses under the Developmental Delay Exclusion to Anthem or BCBSGa plans, other than FMCP or other Frontier Communications plans, Defendants' Motion for a Protective Order is GRANTED.[3]

### *2. Subpoena for 30(b)(6) testimony*

The Court has already addressed the scope and relevance of Plaintiff's subpoena for 30(b)(6) testimony in the context of BCBSGa's Motion to Quash and will not revisit its analysis here. *See supra* pp. 4-5. To the extent that Topics 2 and 3 seek information regarding the current or estimated cost of providing therapies for diagnoses under the Developmental Delay Exclusion to Anthem or BCBSGa plans, other than FMCP or other Frontier Communications plans, Defendants' Motion for a Protective Order is GRANTED.

---

[3] Separately, the Court notes that in Opposition to Defendants' Motions for a Protective Order, Plaintiff represents that Defendants provided him with "information purporting to be from BCBSGa containing the disputed cost data as it relates to [FMCP]." Dkt. # 84 at 7 (citing Dkt. # 67-1, Ex. K). Plaintiff contends that this is insufficient, because the estimate was not provided in a format that is admissible at trial. This may be true, however, Plaintiff did not file a motion to compel the production of this information. As such, the Court will not order its production.

### C. Attorney's Fees

BCBSGa also requests attorney's fees under Fed. R. Civ. P. 45(d), arguing that Plaintiff failed to take "reasonable steps" to avoid imposing an undue burden on BCBSGa. Dkt. # 62 at 12. Sanctions under Rule 45(d)(1) are discretionary. *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013). Courts have issued sanctions under Rule 45(d)(1) when parties issued subpoenas in bad faith, for an improper purpose, or in a manner inconsistent with existing law. *Id*. However, losing a motion to quash or failing to narrowly tailor a subpoena should not expose a party to sanctions. *Id*. Here, BCBSGa's Motion to Quash was granted in part, however, the Court has not found that Plaintiff acted in bad faith, for an improper purpose, or in a manner inconsistent with existing law. *Legal Voice*, 738 F.3d at 1185. Moreover, the Court will not penalize Plaintiff alone, when it is clear that the lack of cooperation amongst all the parties led to this discovery dispute. BCBSGa's request for attorney's fees is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, BCBSGa's Motion to Quash is **GRANTED** in part and **DENIED** in part. Defendants' Motion for a Protective Order Regarding Plaintiff's Subpoena Duces Tecum is **GRANTED** in part and **DENIED** in part. Defendants' Motion for a Protective Order Regarding Plaintiff's Subpoena for a Rule 30(b)(6) Deposition of a Non-Party is **GRANTED** in part and **DENIED** in part.

Dated this 21st day of November, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge