The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

D.T., by and through his parents and guardians, K.T. and W.T., individually, on behalf of similarly situated individuals, and on behalf of the NECA/IBEW Family Medical Care Plan,

Plaintiff,

v.

NECA/IBEW FAMILY MEDICAL CARE PLAN, THE BOARD OF TRUSTEES OF THE NECA/IBEW FAMILY MEDICAL CARE PLAN, SALVATORE J. CHILIA, ROBERT P. KLEIN, DARRELL L. MCCUBBINS, GEARY HIGGINS, LAWRENCE J. MOTER, JR., KEVIN TIGHE, JERRY SIMS, AND ANY OTHER INDIVIDUAL MEMBER OF THE BOARD OF TRUSTEES OF NECA/IBEW FAMILY MEDICAL CARE PLAN,

Defendants.

NO. 2:17-cv-00004-RAJ

**ORDER ON MOTIONS *IN LIMINE***

This matter is before the Court on the parties' motions *in limine* (Dkt. ## 109, 115). For the following reasons, the Court **GRANTS in part** and **DENIES in part** the motions.

## I. INTRODUCTION

This matter is set for a bench trial on January 13, 2020. The details of the Class's allegations are set forth in the Order on the parties' motions for summary judgment and will not be repeated here. See Dkt. # 142.

## II. DISCUSSION

Parties may file motions *in limine* before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469

ORDER – 1

U.S. 38, 40 n. 2 (1984). To decide on the motions *in limine*, the Court is generally guided by Federal Rules of Evidence 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g.*, *Luce v. United States*, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues these rulings for the guidance of the parties.

**A. Plaintiff Class's Motions *in Limine*** 

    i. Plaintiff's Motion *in Limine* No. 1

Plaintiff first seeks to bar testimony from witnesses not previously disclosed in discovery. Dkt. # 109 at 10-11. Rule 26(a) requires that "a party must, without awaiting a discovery request, provide to the other parties" certain identifying information about "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). The failure to comply with Rule 26(a) disclosure requirements may result in the imposition of sanctions pursuant to Rule 37.

Plaintiff argues that Defendants did not disclose Christi Piti (Chief Executive

Officer, Sav-Rx) as a potential witness until well after the close of discovery.[1] Dkt. # 109 at 10. However, failure to disclose a witness is harmless where the witness's identity, position, location, and the subject of the information he possesses are made known to the opposing party well ahead of the discovery deadline. *Van Maanen v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232, 1237 (E.D. Cal. 2012); *see also HB Dev., LLC v. W. Pac. Mut. Ins.*, 86 F. Supp. 3d 1164, 1173-74 (E.D. Wash. 2015) (same). Here, Sav-Rx was identified as a provider of prescription benefits under the Plan in documents and deposition testimony during discovery. Dkt. # 131 at 3-4. Plaintiff could have sought discovery from Sav-Rx but chose not to. Therefore, the Court finds that Defendants' failure to include Ms. Piti in their initial disclosures was harmless. Plaintiff's motion is **DENIED**.

### ii. Plaintiff's Motion *in Limine* No. 2

Plaintiff next seeks to limit the testimony of Defendants' expert witnesses to only those opinions disclosed in their expert reports. Plaintiff argues that Defendants' expert, Mark Fish, should be precluded from testifying regarding any damages calculation or analysis because Mr. Fish was never disclosed as a damages expert in his prior expert reports or deposition testimony. Dkt. # 109 at 5-6. Defendants argue that Mr. Fish opined on damages in both his deposition testimony and in a rebuttal report to the initial report of Plaintiff's damages expert, Dr. Frank Fox. Dkt. # 13 at 5. The Court agrees that it would be manifestly unfair to allow Mr. Fish to testify regarding damages calculations that were not disclosed during discovery. Accordingly, to the extent Defendants seek to introduce expert testimony not disclosed prior to trial, Plaintiff's motion is **GRANTED.** However, Mr. Fish will be permitted to testify as a damages

---

[1] Plaintiff's also objected to Michael Sirni's (Assistant Vice President, MetLife) testimony, however, the Court understands that Defendants have since agreed not to call Michael Sirni as a witness at trial. Accordingly, Plaintiff's motion to exclude Mr. Sirni's testimony is DENIED as moot.

expert, to the extent that his testimony is limited to the scope of his prior deposition testimony and rebuttal of Plaintiff's damages analysis.

Plaintiff also argues that Dr. Maki should be precluded from testifying as an expert in "statistical analysis" because this subject was never disclosed in the expert reports or deposition testimony. Dkt. # 109 at 6-7. Defendants represent that they have no intention of asking Dr. Maki to testify regarding any "statistical analysis." Dkt. # 131 at 6. Accordingly, this motion is **DENIED** without prejudice.

### iii. Plaintiff's Motion *in Limine* No. 3

Finally, Plaintiff moves to bar Defendants from presenting evidence from Blue Cross Blue Shield of Georgia ("BCBSGa") on the basis that BCBSGa and Defendants initially refused to respond to Plaintiff's subpoenas. The Court notes that at the time the motions *in limine* were filed, there was an ongoing dispute related to discovery sought from BCBSGa. The Court understands that this dispute has since been resolved and that BCBSGa has produced documents and designated two 30(b)(6) witnesses whose depositions took place on December 12 and December 20, 2019. Dkt. # 143 at 11. Therefore, Plaintiff's motion is **DENIED** as moot.

## B. **Defendants' Motions *in Limine***

### i. Defendants' Motion *in Limine* No. 1

Defendants seek to exclude the testimony and declaration of Plaintiff's expert, Lari Mehiel as untimely. Specifically, Defendants argue that Ms. Mehiel was disclosed as a rebuttal expert in response to the initial report of Defendants' damages expert, Mr. Fish, but Ms. Mehiel's proposed testimony is not an opinion that responds to Mr. Fish's report. Dkt. # 115 at 3. The Court will not rule in a vacuum without more knowledge of the expert's purported testimony. Therefore, Defendants' motion is **DENIED** without

prejudice. Defendants may raise proper objections to Mehiel's testimony during the course of trial.

### ii. Defendants' Motion *in Limine* No. 2

Defendants next move to exclude the use of all trial exhibits that are not related to the Plan or its governing provisions including documents relating to other health plans and a BCBSGa Facility and Provider Manual. Dkt. # 115 at 9-10. Under FRE 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice...." Fed. R. Evid. 403. Plaintiff argues that Defendants' objections to Plaintiff's exhibits under FRE 403 are more appropriately addressed within the context of trial testimony. Dkt. # 128 at 13-14. The Court agrees. *See Fed. Deposit Ins. Corp. v. Ticor Title Co.*, No. C15-1029RSM, 2016 WL 7493424, at *1 (W.D. Wash. Dec. 30, 2016) (finding Rule 403 has a limited role in a bench trial). Defendants' motion is **DENIED** without prejudice. Defendants may raise specific objections as evidence is offered at trial.

### iii. Defendants' Motion *in Limine* No. 3

Defendants also seek to exclude thirteen trial exhibits relating to the "medical necessity" of ABA and NDT therapies for children with ASD or other developmental mental health conditions as unfairly prejudicial under FRE 403. Dkt. # 115 at 11. For the reasons outlined in the previous motion, the Court declines to rule on the admissibility of these exhibits at this time. Defendants may raise specific objections as evidence is offered at trial. Defendants' motion is **DENIED** without prejudice.

### iv. Defendants' Motion *in Limine* No. 4

Defendants move to preclude Plaintiff from introducing evidence or testimony unrelated to named Plaintiff D.T. Dkt. # 115 at 12. Defendants argue that they were "not permitted" to seek discovery of other unnamed class members, including minor child C.H. *Id.* Plaintiff objects, noting that Defendants agreed to "put on hold" their discovery requests related to class member C.H. in exchange for Plaintiff producing any

ORDER – 5

documentation or information regarding C.H. that Class counsel had in its possession. Dkt. # 128 at 14. The Class subsequently produced these documents to Defendants and according to Plaintiff, Defendants did not revisit their request for discovery related to C.H. *Id.* Based on this record, it appears that Defendants could, at any time, have revisited their discovery requests regarding C.H., they simply chose not to. Accordingly, the admission of this evidence does not create an unfair prejudice to Defendants. Defendants' motion is **DENIED**.

### v. Defendants' Motion *in Limine* No. 5

Defendants also move to exclude evidence and documents not properly disclosed during discovery, including documents related to physicians' biographical information and expert opinion testimony for experts that were not disclosed during discovery. Dkt. # 115 at 13. Plaintiff argues that this information is "publicly available and merely prescribes the practice areas of two medical providers listed in C.H.'s EOBs." Dkt. # 128 at 5. The Court finds that the admission of this evidence is harmless and would not create undue prejudice to Defendants. Defendants' motion is **DENIED**.

### vi. Defendants' Motion *in Limine* No. 6

Defendants seek to preclude Plaintiff from introducing evidence offered as a "compromise" in a prior discovery dispute under FRE 408. Dkt. # 115 at 13. FRE 408 makes evidence of settlement or attempted settlement of a disputed claim inadmissible when offered as an admission of liability or the amount of liability. *See* Fed R. Evid. 408 advisory committee's note. The Court finds no basis for the application of FRE 408 in the context of discovery disputes. Defendants' motion is **DENIED**.

### vii. Defendants' Motion *in Limine* No. 7

Finally, Defendants seek to exclude the testimony of Plaintiff's experts, Dr. Stephen Glass and Dr. Frank Fox. Dkt. # 115 at 14-15. Defendants argue these experts are offering opinions outside the scope of their expertise, including actuarial opinions (Dr. Fox) and social and public policy opinions (Dr. Glass). Plaintiff counters that Dr.

Glass is qualified to opine on the public policy implications of failing to treat individuals with developmental mental health conditions and that Dr. Fox's testimony is not actuarial in nature. Dkt. # 128 at 10-11.

Particularly in the context of a bench trial, there is a presumption in favor of permitting expert testimony. *See FTC v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014) ("When we consider the admissibility of expert testimony, we are mindful that there is less danger that a trial court will be unduly impressed by the expert's testimony or opinion in a bench trial." (quotation omitted)). To the extent that Defendants object to the foundation for Plaintiff's experts' testimony, they may raise these objections on cross-examination. Defendants' motion is **DENIED**.

In a footnote, Defendants also move to exclude the declarations of Mehiel, Cowan, and Glass for failure to comply with the specific requirements of Fed. R. Civ. P. 26(a)(2)(b). This motion is also **DENIED**.

### III. CONCLUSION

For the reason stated above, the Court **GRANTS in part and DENIES in part** the parties' motions *in limine*. In doing so, the Court reminds the parties that an attorney or witness who violates any of the above evidentiary rulings runs the risk of opening the door to the admission of evidence that would otherwise be precluded by this Order.

DATED this 6th day of January, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 7