**D.T. v. NECA/IBEW Family Medical Care Plan**

**C17-0004 RAJ**

**<u>Court's Rulings on Defendants' Objections to Plaintiff's Deposition Designations (Dkt. # 160)</u>**

As an initial matter, Defendants seek to bar Plaintiffs from presenting all Plan witnesses using their prior deposition testimony. Dkt. # 160 at 1. Defendants note that they have made arrangements for all of the Plan witnesses to be present at trial and it is prejudicial to Defendants to allow Plaintiff to refer only to the deposition transcripts because it deprives Defendants of the opportunity to cross-examine these witnesses based on their deposition testimony. *Id.*

Lisa Trunzo and Matt Plachta are the Plan's 30(b)(6) witnesses. Dkt. # 162. Under Fed. R. Civ. P. 32(a)(3), "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) . . . ." Therefore, with respect to Ms. Trunzo and Mr. Plachta's deposition transcripts, Defendants' objection is **OVERRULED.**

Plaintiff also argues that the personal depositions of Vicki Burrows, Larry Bradley, and Jeri Hill should be admitted because they are "managing agents" of the Plan under Rule 32. *See* Fed. R. Civ. P. 32(a)(3). The Court is unconvinced. This is a case involving a self-insured health plan, administered by a Board of Trustees. Dkt. # 11-2. As the parties have repeatedly articulated, only the Trustees have the capacity to construe the terms of the Plan. *See* Dkt. ## 77, 100. Here, none of the deponents are Trustees of the Plan. Accordingly, the Court is unable to conclude that the witnesses have the authority to act on behalf of the Plan or answer for it. Defendants' objection is **SUSTAINED**. Plaintiff is free to call these witnesses to testify and use their prior deposition testimony as otherwise permissible under the federal rules.

**Jeri Hill**

| PAGE / LINE NO. | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| 49:5-9 | FRE 106. Optional completeness. Plaintiff designated only a portion of witness's response. Defendants move to include the remainder of line 9 through line 13 to complete witness's response. | Defendants provided these objections on January 2, 2020. They failed to timely object pursuant to LCR 16(i) and LCR 32 ("the failure to designate an objection shall constitute waiver."). Plaintiff nonetheless does not object to defendants' request to include lines 9-13. | **SUSTAINED.** As stipulated, Plaintiff will include p. 49 lines 9-13. |
| 50:4-12 | FRE 106. Optional completeness. Plaintiff designated only a portion of witness's response. Defendants move to include the remainder of line 12 through line 14 to complete witness's response. | Defendants provided these objections on January 2, 2020. They failed to timely object pursuant to LCR 16(i) and LCR 32 ("the failure to designate an objection shall constitute waiver."). Plaintiff nonetheless does not object to defendants' request to include lines 12-14. | **SUSTAINED.** As stipulated, Plaintiff will include p. 50 lines 12-14. |
| 50:15-21 | FRE 106. Optional completeness. Plaintiff designated only a portion of witness's response. Defendants move to include the remainder of page 50, line 21 through page 51, line 1 to complete witness's response. | Defendants provided these objections on January 2, 2020. They failed to timely object pursuant to LCR 16(i) and LCR 32 ("the failure to designate an objection shall constitute waiver."). Plaintiff nonetheless does not object to defendants' request to include page 50, line 21 through page 51, line 1 | **SUSTAINED.** As stipulated, Plaintiff will include page 50, line 21 through page 51, line 1 |

**Vicki Burrows**

| PAGE / LINE NO. | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| 13:13-14 | FRE 106. Optional completeness. Plaintiff designated only a portion of witness's response. Defendants move to include the remainder of page 13, line 14 through line 16 to complete witness's response. | Plaintiff does not object to defendants' request to include page 13 lines 14-16. | **SUSTAINED.** As stipulated, Plaintiff will include page 13 lines 14-16. |
| 18:16-20 | FRE 106. Optional completeness. Plaintiff designated only a portion of witness's response. Defendants move to include the remainder of page 18, line 20 through line 21 to complete witness's response. | Plaintiff does not object to defendants' request to include page 18 lines 20-21. | **SUSTAINED.** As stipulated, Plaintiff will include page 18 lines 20-21. |
| 19:12-15 | FRE 106. Optional completeness. Plaintiff designated only a portion of witness's response. Defendants move to include the remainder of page 19, line 15 through line 16 to complete witness's response. | Plaintiff does not object to defendants' request to include page 19, lines 15-16. | **SUSTAINED.** As stipulated, Plaintiff will include page 19, lines 15-16. |

| | | | |
|---|---|---|---|
| 33:21-25 | FRE 106. Optional completeness. Plaintiff did not designate witness's complete answer to question. Defendants move to include page 34, line 1 which contains witness's complete answer to question presented. | Plaintiff does not object to defendants' request to include page 34, line 1. | **SUSTAINED.** As stipulated, Plaintiff will include page 34, line 1. |
| 34:10-37:4; 39:15-21; 40:2-13 | FRE 401, 403. Relevance. This testimony is regarding the BCBSGa provider manual, a document which is not relevant to this litigation. This document was never provided to the Plan by BCBSGa and how BCBSGa instructs its providers is not relevant to any claims that the Defendants in this case violated the Parity Act. Moreover, these questions require the witness to speculate regarding the meaning of this document which the witness testified she has never seen. Moreover, the authenticity of the document has not been authenticated by any witness. | Defendants did not object during the deposition and have waived their objection now. Regarding pp. 34:10-37:4, Plaintiff is entitled to question Ms. Burrows about the accuracy of the statements she made in her declaration that was filed with the Court related to the Anthem/BCBSGa provider manual. The testimony by Ms. Burrows here is about her knowledge or lack thereof of the statements included in her declaration. Since this will be a bench trial, the Court may properly weigh the relevance of the evidence at trial. Plaintiff is willing to withdraw the marking for 39:15-21 and 40:2-13. | **OVERRULED.** As stipulated, Plaintiff will withdraw the marking for 39:15-21 and 40:2-13. |
| 41:11-16 42:5-21 | FRE 401, 403. Relevance. This testimony is regarding the BCBSGa provider manual, a document which is not relevant to this litigation. This document was never provided to the | Since this will be a bench trial, the Court may properly weigh the relevance of the evidence at trial. Ms. Burrows testimony is not about the specific BCBSGA manual but whether if Anthem provider | **OVERRULED** |

| | | | |
|---|---|---|---|
| | Plan by BCBSGa and how BCBSGa instructs its providers is not relevant to any claims that the Defendants in this case violated the Parity Act. Moreover, these questions require the witness to speculate regarding the meaning of this document which the witness testified she has never seen. Moreover, the authenticity of the document has not be authenticated by any witness. | manual directed providers to list every diagnosis for which treatment is received, whether that is consistent with seeing multiple diagnoses on the claim form. It is highly relevant and explains why there are multiple diagnoses on a single claim form. | |
| 44:6-18 | FRE 401, 403. Relevance. This testimony is regarding the BCBSGa provider manual, a document which is not relevant to this litigation. This document was never provided to the Plan by BCBSGa and how BCBSGa instructs its providers is not relevant to any claims that the Defendants in this case violated the Parity Act. Moreover, these questions require the witness to speculate regarding the meaning of this document which the witness testified she has never seen. Moreover, the authenticity of the document has not be authenticated by any witness. | Defendants failed to object during the deposition and so have waived their objection now to the testimony at p. 44:6-10. This testimony is highly relevant, since Defendants argue that they do not "cover" ASD and developmental delay conditions, even when they pay for services that treat those conditions. Since this will be a bench trial, the Court may properly weigh the relevance of the evidence at trial.<br><br>Plaintiff is willing to withdraw the marking of pp. 44:11-18. | **OVERRULED.** As stipulated, Plaintiff will withdraw p. 44:11-18 |

| 45:9-12 | FRE 106. Optional completeness. Plaintiff did not designate witness's complete answer to question. Defendants move to include page 45, line 12 through 14 which contains witness's complete answer to question presented. | Plaintiff does not object to the additional designation of p. 45:12-14. | **SUSTAINED.** As stipulated, Plaintiff will include p. 45:12-14. |
|---|---|---|---|
| 49:2-9 | Overly broad as to timeframe. FRE 106. Optional completeness. Plaintiff did not designate witness's complete answer to question. Defendants move to include page 49, line 7 through line 9, which contains witness's complete answer to question presented. | Defendants did not state their objection with sufficient specificity to allow Plaintiff's counsel to determine the basis for the objection. To the extent this testimony is overbroad, Ms. Burrows can correct it during her direct testimony with defendants.<br><br>Plaintiff has no objection to including p. 49:7-9 in the designation. | **OVERRULED** as to overbroad objection.<br><br>**SUSTAINED** as to optional completeness objection. As stipulated, Plaintiff will include p. 49:7-9 in the designation. |
| 54:9-11 | FRE 106. Optional completeness. Plaintiff did not designate witness's complete answer to question. Defendants move to include page 54, line 11 through 12 which contains witness's complete answer to question presented. | Plaintiff has no objection to included p. 54:11-12 in the designation. | **SUSTAINED.** As stipulated, Plaintiff will include p. 54:11-12. |
| 59:19-60:6 | FRE 401, 403. Relevance. This testimony is regarding the Plan's coverage of ADHD. The Plan's coverage of other conditions not | This testimony is highly relevant and shows that the plan's administration of the Developmental Delay Exclusion is highly arbitrary and capricious. | **OVERRULED** |

| | | | |
|---|---|---|---|
| | subject to the Developmental Delay Exclusion is not relevant and prejudicial. | Defendants have at times covered and excluded ADHD as a "developmental delay" exclusion. This goes to the heart of defendants' liability under the Parity Act and the Plan language. Defendants offer no explanation as to why the testimony is "prejudicial." Since this will be a bench trial, the Court may properly weigh the relevance of the evidence at trial and disregard any testimony deemed "prejudicial." | |
| 68:9-13 | FRE 106. Optional completeness. Plaintiff did not designate witness's complete answer to question. Defendants move to include page 68, lines 13 through 16 which contains witness's complete answer to question presented. | Plaintiff has no objection to included p. 68:13-16 in the designation | **SUSTAINED.** As stipulated, Plaintiff will include p. 68:13-16. |
| 102:9 | Sidebar. Testimony by counsel. | Plaintiff withdraws the designation of p. 102:9. | **WITHDRAWN** |

## Dr. Richard Fuchs

| PAGE / LINE NO. | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| 55:5-13 | Calls for speculation. | Anthem's Rule 30(b)(6) witness on how the Developmental Delay Exclusion is administered has knowledge was expected to have knowledge as to how Anthem interprets claim forms with multiple diagnostic codes, including the instructions that Anthem gives to providers of developmental delay services as to how to submit claims for these services. It is relevant and not speculation. | **OVERRULED** |
| 107-108, ex. 9 | Relevance. This deposition testimony and exhibit discusses Anthem's UM/CM guidelines related to ABA therapy. This guideline is not offered by the Plan and is not required to be offered by the Plan as written. The fact that Anthem provides this guideline has no relevance to this litigation. | Whether or not ABA therapy can be medically necessary is highly relevant to the injunctive relief sought in this case. Should the Class prevail on liability, they will ask the Court to order permanent injunctive relief. Defendants may attempt to argue at that point that they have not determined whether ABA can be medically necessary; however, there is substantial evidence that the therapy is medically necessary, including the evidence in Anthem's clinical policies. Plaintiff will provide | **OVERRULED** |

| | | | |
|---|---|---|---|
| | | evidence that the Plan relies upon Anthem's clinical judgments for determining whether a service is medically necessary. Since Anthem has concluded that ABA can be medically necessary, Defendants cannot claim, at the relief stage of litigation, that such coverage is never medically necessary. Although defendants appear to have conceded this point repeatedly, *See* Dkt. No. 115, p. 10:9-11, they will not stipulate to it. | |