The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D.T., by and through his parents and guardians, K.T. and W.T., individually, on behalf of similarly situated individuals, and on behalf of the NECA/IBEW Family Medical Care Plan,<br><br>            Plaintiff,<br><br>   v.<br><br>NECA/IBEW FAMILY MEDICAL CARE PLAN, THE BOARD OF TRUSTEES OF THE NECA/IBEW FAMILY MEDICAL CARE PLAN, SALVATORE J. CHILIA, ROBERT P. KLEIN, DARRELL L. MCCUBBINS, GEARY HIGGINS, LAWRENCE J. MOTER, JR., KEVIN TIGHE, JERRY SIMS, AND ANY OTHER INDIVIDUAL MEMBER OF THE BOARD OF TRUSTEES OF NECA/IBEW FAMILY MEDICAL CARE PLAN,<br><br>            Defendants. | NO. 2:17-cv-00004-RAJ<br><br>PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT, AWARD OF ATTORNEY FEES AND LITIGATION COSTS AND INCENTIVE AWARD<br><br>AND<br><br>MOTION FOR EXTENSION OF DEADLINE TO ALLOW PROCESSING AND PAYMENT OF LATE FILED AND EMAILED CLAIMS AND FOR NOTICE OF ARBITRATION PROCESS TO CLAIMANTS<br><br>**Noted for Hearing:**<br>  October 8, 2021, at 9:00 a.m. |

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT ETC.
[Case No. 2:17-cv-00004-RAJ]

## I.  RELIEF REQUESTED

Plaintiff D.T., by and through his parents, his parents K.T. and W.T., and on behalf of the Settlement Class, moves for final approval of the Settlement Agreement.  The settlement provides broad prospective and retrospective relief to Plaintiff and the Class. Based upon the claims submitted, all claims will paid at the full approved amount without any *pro rata* reduction.

Plaintiff also moves for an extension of the claims filing deadline from July 30, 2021 to September 30, 2021 to allow the consideration of three claims that were not received by the Claims Processor by U.S. Mail by the July 30, 2021 deadline and a timely claim that was filed by email.  Defendants agree that these claims should be accepted, adjudicated and paid.  Hamburger Decl., ¶11, *Exh. 6*.  The Settlement Amount can also pay these claims  at the full, approved amount without a *pro rata* reduction.  *Id.,* ¶4.  No Class member is prejudiced by the consideration of the late or emailed claims.

Finally, Plaintiff also moves that the Court order the Claims Processor to include information about the arbitration process in the letters to Claimants describing their Claim Processor's determination of their award, whether the award is approved, partially denied or denied in full.  To date, the Claims Processor has not provided this information to Claimants, including those whose claims were denied in whole or in part. *Id.,* ¶10, *Exh. 5*.  Defendants agree that the Claims Processor will provide notice of the arbitration process to the denied claimants, but not to those with approved claims, even though the Claims Processor will reduce those approved claims by co-payments, deductibles, and "allowed charges." *Id.,* ¶11, *Exh. 6*.  This Motion merely seeks notice to all claimants about their right to arbitration.  The dispute over whether claimants may challenge the Claim Processor's application of co-payments, deductibles and "allowed charges" must be resolved by the Arbitrator.  *See* Dkt. No. 194-1, ¶8.3.6.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT ETC.– 1
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

## II.  INTRODUCTION

Before this lawsuit, the Trustees of the NECA/IBEW Family Medical Care ("the "Plan") excluded coverage of Applied Behavior Analysis ("ABA") therapy, the essential treatment for Autism Spectrum Disorder ("ASD"), and coverage for speech, occupational and physical therapies to treat developmental delay conditions (referred to as "neurodevelopmental therapies" or "NDT") under the Plan's "Developmental Delay Exclusion."  As a result of this Settlement, the Trustees amended the Plan to remove the Developmental Delay Exclusion and affirmatively cover ABA therapy and NDT services, the subject of this case.  *See* Dkt. No. 194-1, ¶6.  The Settlement Agreement requires the Plan to continue to cover ABA therapy and NDT services at least through November 1, 2025.  *Id.*

The settlement also provides retrospective relief, establishing a dedicated settlement amount of $1,700,000 to pay previously uncovered claims for ABA therapy and NDT services. Dkt. No. 194-1, ¶¶1.23, 8. The deadline for submitting claims was July 30, 2021. Dkt. No. 197, ¶12. Now that the deadline has passed, it is clear that the settlement fund is sufficient to pay all valid and approved claims in full without a *pro rata* reduction.  Dkt. No. 194-1, ¶8.4; Hamburger Decl., ¶4.

Class notice was sent to approximately 1,890 current and former Plan participants and beneficiaries enrolled in the Plan at any time from January 4, 2011 through March 31, 2021 who submitted health care claims with a "Developmental Delay" diagnosis during the Class period.  Fortunato Decl., ¶4; Dkt. No. 54-1, ¶¶2.2.2, 2.2.3; Dkt. No. 199. No objections to the Settlement Agreement were lodged.  Hamburger Decl., ¶5. No one objected to the requested attorney fees, litigation costs or case contribution awards.  *Id.* The lack of objectors confirms that the Settlement Agreement achieves its goals.

This is a complete victory.  Class members are assured of future coverage at least through November 1, 2025, and all timely and valid claims for reimbursement will be

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

paid at 100%.  Few class actions achieve such successful results.  For these and other reasons, the Settlement Agreement should be approved as fair, reasonable and adequate and the attorney fees, litigation costs and incentive award sought by Class counsel awarded.

### III.  EVIDENCE RELIED UPON

This Motion relies upon the Declarations of Lauren Fortunato and Eleanor Hamburger in Support of Motion for Final Approval of Settlement Agreement, as well as the records and pleadings in this case.  While Defendants do not oppose the Motion for Final Approval, they do not take a position on the facts or legal conclusions alleged herein, except as might otherwise be specified.

Defendants do not oppose the Motion for an Extension of the Deadline to Allow Processing and Payment of Late Filed and Emailed Claims.  Defendants do not oppose providing Notice of the Arbitration Process to Claimants whose claims are denied. However, Defendants do oppose providing Notice of the Arbitration Process to Claimants whose claims are approved, but whose claims are reduced by co-payments, deductibles and "allowed charges."

### IV.  FACTS

On February 2, 2021, this Court preliminarily approved the Settlement Agreement in this matter and certified the Settlement Class.  Dkt. No. 197.  The Court directed the Claims Processor to issue notice to the Settlement Class. *Id.*, ¶4. Class Notices and Claim Form Materials were mailed in accordance with the Class Notice procedures on or about May 3, 2021. Dkt. No. 199, ¶¶4-5. The Claims Processor updated Notice recipients' addresses when the notices were returned and re-mailed the notices to all updated addresses located.  Fortunato Decl., ¶6.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT ETC.– 3
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

Class counsel also established a settlement web page within 30 days of the date of this Order that contained the Class Notice, the Claim Form Materials and key filings in the litigation, including the Motion for Attorney Fees, Litigation Costs and Contribution Award.  Hamburger Decl., ¶6; *see* http://www.symslaw.com/dtsettlement (last visited 9/27/21).  Defendants provided the required notice under the Class Action Fairness Act ("CAFA").  Hamburger Decl., *Exh. 4.*

The Class Notice informed participants in the Plan of the general terms of the settlement including their ability to submit claims for reimbursement for medically necessary ABA and NDT services to treat developmental delay conditions that the participants or affiliated beneficiaries (e.g., participants' dependents covered by the Plan) obtained during the Class period (January 4, 2011 through March 31, 2021). Dkt. No. 199-1. It also informed the participants that, if they wished to submit a claim, they must complete the Claim Form and provide supporting materials by July 30, 2021.  *Id.* at 1. After the notice was issued, Class counsel received calls from Class members responding to the notice. Dkt. No. 203, ¶6.  All the contacts from Class members were supportive of the settlement, with a number of the callers expressing gratitude for the litigation and the prospective relief in particular.  *Id.*

The Claims Processor reports that a total of 129 claims had been received by the Claims Processor by the deadline of July 30, 2021.  Fortunato Decl., ¶12. To date, three late-filed claims have been received. *Id.*, ¶13.  All of the timely filed and late-filed claims have been adjudicated.  *Id.*, ¶13; *see* Hamburger Decl., *Exh. 2.*  One timely-filed but emailed claim has not been adjudicated but totals $4,355.00.  *Id.*, ¶4, *Exh. 3.*  The total value of the timely adjudicated claims, the late-filed claims and the emailed claim is under $300,000.00. *Id.*  Based upon these claims, the Settlement Amount is more than

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT ETC.– 4
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

sufficient to pay all current valid claims at the full approved amount without a *pro rata* reduction. *Id.*

Acceptance and payment of the three late claims and the timely but emailed claim does not prejudice any other Class member. Even if these claims are paid, all Class members will be paid without a *pro rata* reduction. For these reasons, Plaintiff Class moves the Court to order that the late claims and the timely but emailed claim should be adjudicated and paid. *See* Proposed Final Order.

## V.  OVERVIEW OF THE SETTLEMENT AGREEMENT

### A.  The Plan Will Provide Coverage for ABA and NDT Services to Treat Developmental Delay Conditions

The Settlement Agreement ensures prospective coverage of ABA and NDT services for developmental delay conditions. Dkt. No. 194-1, ¶¶6.1-6.3. The settlement removes the barriers to access and specifically prevents the Plan from denying coverage for services to treat developmental disabilities for any of the reasons historically raised by health plans. This coverage is in place through at least November 1, 2025. *Id.*

### B.  The Agreement Provides for Retrospective Relief on ABA and NDT Claims

The Settlement Agreement provides for an $1,700,000 fund from which payments will be made for Class members' claims for uncovered ABA and NDT therapy services during the Class period and payments made for alternative insurance that covered developmental delay conditions. Dkt. No. 194-1, ¶8.

Based upon the actual claims submitted by July 30, 2021, all timely-submitted valid claims will be paid at the full approved amount without a *pro rata* reduction. Hamburger Decl., ¶4. Payment of claims at their full, valid and approved amounts will occur even if the late filed and emailed claims are included. *Id.*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT ETC.– 5
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

**C.      Reversion**

There will be substantial funds remaining in the Settlement Amount after the payment of claims and alternative insurance.  *See id.* (approximately $1.4 million remains in the Settlement Amount).  Those funds shall revert to the Plan.  Dkt. No. 194-1, ¶8.4.

**D.      Attorney Fees, Costs, and Case Contribution Awards**

Class counsel has moved for payment of $850,000 for attorney fees and litigation costs by Defendants.  Dkt. No. 194-1, ¶12.1. This payment represents ***less*** than Class counsel's actual lodestar attorney fees and litigation costs.  *See* Dkt. No. 200, p. 3.  No payment for this amount will come from any Class member.  Neither Defendants nor any Class member object to the proposed award of attorney fees and litigation costs. Hamburger Decl., ¶5.  Given the significant success of this litigation, the fees and costs incurred are reasonable.

The Court should also award the Class Representatives $25,000 to compensate D.T. and his parents for the time, risk and efforts undertaken on behalf of the Class.  Dkt. No. 200, pp. 7-8.  The named Plaintiffs were model Class representatives, devoting significant time to multiple administrative appeals, responding to extensive discovery requests, participating in depositions, and engaging in efforts to resolve the dispute both before and during the litigation.  Dkt. No. 203, ¶5.  At all times, they dedicated themselves to ensuring that no other enrollee in the Plan go through the denials that D.T. experienced.  *Id.*  Neither Defendants nor any Class member objects to the case contribution award.  Hamburger Decl., ¶5.

**VI.  LAW AND ARGUMENT**

**A.      Legal Standards for the Approval of a Class Action Settlement Agreement**

Compromise of complex litigation is encouraged and favored by public policy.  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).  Federal Rule of Civil Procedure 23 governs the settlement

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT ETC.– 6
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

of certified class actions and provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). The Court must consider the settlement as a whole, "rather than the individual component parts," to determine whether it is fair and reasonable. *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003); *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("The settlement must stand or fall in its entirety"). Where, as here, the settlement agreement includes broad prospective relief, the Court must include consideration of that relief in its decision. *See, e.g., Laguna v. Coverall N. Am., Inc.*, 2014 U.S. App. LEXIS 10259, 12 (9th Cir., June 3, 2014); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

Factors to be considered by the Court should include:

> [T]he strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Staton,* 327 F.3d at 959. *See* Dkt. No. 54, pp. 11–16 (addressing factors).

Some of these factors, such as the reaction of class members, can only be gauged after preliminary approval and notice is provided to class members. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms … are favorable to class members." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007). "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecom. Coop, v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (quoting 4 A. Conte & H. Newberg, NEWBERG ON CLASS

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT ETC.– 7
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

ACTIONS, § 11:50 at 155 (4th ed. 2002)).  Here, every factor weighs strongly in favor of approval.

**B.      All of The Factors Support Final Approval of The Settlement Agreement**

Under the Settlement Agreement, the Class members have obtained complete prospective and retrospective relief of their claims and payment of attorneys' fees and costs.  Class members did not compromise to obtain this outcome.

### 1.      No Objections Were Filed

The absence of objections establishes a strong presumption in favor of approval. *Nat'l Rural Telecomms. Coop.,* 221 F.R.D. at 529. Where, as here, the class is "nearly silent" regarding the terms of the settlement agreement, "the lack of objection of the Class Members favors approval of the Settlement Agreement." *In re Omnivision Techs.,* 559 F. Supp. 2d at 1043 (3 objectors appeared out of 57,630 potential class members); *see, e.g., Churchill Vill., L.L.C. v. GE,* 361 F.3d 566, 577 (9th Cir. 2004) (45 objections out of 90,000 notices sent); *Rodriguez v. West Publ. Corp.,* 2007 U.S. Dist. LEXIS 74767, at *33 (C.D. Cal. Sept. 10, 2007) (54 objections out of 376,000 notices).  Here, there are no objections out of over 1,800 notices mailed.  Hamburger Decl., ¶5. This factor weighs strongly in favor of approval.

### 2.      All Claims Received by U.S. Mail by July 30, 2021 Will Be Paid At the Full, Approved Amount Without a Pro Rata Reduction.

Now that the claims process has closed, it is clear that the Settlement Amount is sufficient to pay all timely claims submitted by Class members at the full approved amount.  Fortunato Decl., ¶11; Hamburger Decl., ¶4.

This is an extraordinary result.  Common fund settlements where a cents-on-the-dollar recovery is obtained are often approved.  *See Officers for Justice v. Civil Service Com.,* 688 F.2d 615, 628 (9th Cir. 1982) ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT ETC.– 8
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

inadequate or unfair."); *see, e.g.*, *In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555 (C.D. Cal. June 10, 2005) (approving a settlement fund that compensated class members at 36% of their losses).  Here, not only will the payment be in full of the timely valid and approved claims, but Class members will also receive reimbursement for any alternative insurance that they purchased in order to mitigate their damages.

### 3.    Strength of Plaintiff's Case

Plaintiff's case was quite strong. But in settlement, a clear process was established for undisputed prospective relief and speedy reimbursement for treatment sought during the Class period whether or not Class members had previously submitted claims for such treatment.  Indeed, the prospective coverage for ABA and NDT services likely exceeds what Plaintiff could have obtained at trial.

### 4.    Risk, Expense, And Duration of Further Litigation

Plaintiff understood that there was risk that he might not prevail at trial. Defendants faced the same uncertainty. Without settlement, it was possible that this litigation could proceed for years.   In light of that risk, settlement made sense, particularly since the Settlement Agreement was anticipated to provide for payment of all claims and costs.

### 5.    Stage of Discovery and Proceedings

This litigation was settled on the eve of trial.  The Class had obtained all of the discovery it needed to litigate the case, and was prepared to do so.  That discovery was sufficient to reach a settlement in this matter that ensured full coverage of all claims.

### 6.    Views of Counsel

Class counsel strongly supports final approval of the Settlement Agreement.  The Agreement provides for coverage going forward and full payment of all timely-

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT ETC.– 9
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

submitted valid claims.  From every angle, this Settlement Agreement is an excellent result for Class members.  Hamburger Decl., ¶9.

## C.      Payment of Attorney Fees, Litigation Costs and Case Contribution Award

No objections from Class members were received regarding the payment of the Class counsel's fees and costs at $850,000 or the case contribution award of $25,000. Hamburger Decl., ¶5.  Defendants have agreed to the payments.  Dkt. No. 194-1, ¶¶12.1, 12.2.  Given the excellent outcome in the Settlement Agreement, the attorney fees, litigation costs and case contribution award are reasonable and should be awarded.

## D.      Authorization of Adjudication and Payment of Late-Filed and Emailed Claims.

Plaintiff requests that the Court order the acceptance, adjudication and payment of valid claims received from Class members from July 30, 2021 through September 30, 2021, to accommodate the extraordinary impact the COVID-19 pandemic has had on Class members and the claims process.

The Court has the inherent equitable authority to modify the terms of its Orders when justice requires.  *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 380, 112 S. Ct. 748, (1992) (courts have "flexibility in administering consent decrees"); *Sys. Fed'n No. 91 Ry. Emps.' Dep't v. Wright*, 364 U.S. 642, 651, 81 S. Ct. 368 (1961); *New York v. Microsoft Corp.*, 531 F. Supp. 2d 141, 169 (D.D.C. 2008).  Courts may modify judicially-mandated deadlines for court-approved settlements to allow the consideration of late-filed claims. *See e.g., In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977) (late filed claims permitted by the trial court if they were "timely set in motion" by the deadline); *Zients v. La Morte*, 459 F.2d 628, 630 (2d Cir. 1972) (the court's "traditional equity powers" permits the modification of orders to allow processing of late claims); *Welch & Forbes, Inc. v. Cendant Corp. (In re Cendant Corp. Prides Litig.)*, 233 F.3d 188, 191 (3d Cir. 2000). Class counsel has served as class counsel in numerous settlements in which the courts

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

1    have allowed for the processing of late-filed claims.  Hamburger Decl., ¶2. *See e.g., J.R. v.*
2    *Blue Cross Blue Shield of Illinois et al.*, No. 2:18-cv-01191, Dkt. Nos. 76,81; *C.S. v. Boeing*, No.
3    C14-0574, Dkt. No. 54; *K.M. v. Regence,* No. 2:13-cv-01214, Dkt. No. 98, ¶19; *R.H. v.*
4    *Premera*, No. 2:13-cv-00097, Dkt. No. 90, ¶8; *A.M. v. Moda Health Plan, Inc.*, No. 2:14-cv-
5    01191-TSZ, Dkt. No. 52 (all similar mental health parity cases in which the claims
6    deadline was extended to include late-filed claims).

7         Here, where the timely response rate is significantly less than anticipated, given
8    the size of the Class notice, Class counsel presumes that the COVID-19 crisis impacted
9    the claims rate.  Hamburger Decl., ¶8.  There is no prejudice to other Class members by
10   allowing the adjudication and payment of the late-filed and emailed claims.   The
11   payment of these claims (totaling less than $10,000) will not cause other claims to be paid
12   on a *pro rata* basis.  *Id.*¶4.  The Plan will still receive approximately $1.4 million of the
13   Settlement Amount in the reversion.  *Id.*  And the emailed claim was not actually "late."
14   Rather the claim arrived to counsel for Defendants via email rather than to the Claims
15   Processor by U.S. Mail.  *Id.*  The fact that it was not "postmarked" does not render the
16   claim invalid under the terms of the settlement agreement.  *See* Dkt. No. 194-1, ¶8.3.2 (a
17   claim form must verify the diagnosis of the class member, the dates of treatment and the
18   identity of the provider of the treatment, and provide written proof of out-of-pocket,
19   unreimbursed debts associated with that treatment or proof of alternative insurance
20   coverage); ¶8.3.3 (the Claims Processor was not required to confirm that the claim was
21   received via U.S mail to adjudicate the claim).  Accordingly, Plaintiff moves the Court to
22   order the Claims Processor to accept the late-filed and timely but emailed claims through
23   September 30, 2021.  Defendants do not object to this amendment of the deadline for
24   submitting claims.  Hamburger Decl., ¶11, *Exh. 6.*

25
26

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT ETC.– 11
[Case No. 2:17-cv-00004-RAJ]

**E.      The Court Should Order the Claims Processor to Notify All Claimants About their Right to Access the Dispute Resolution Process**

The Claims Processor  did not include any information about Claimants' right to appeal the denials, in whole or in part, of their claims when the denial letters were sent. *See* Hamburger Decl., ¶10, *Exh. 5.*  Since then, Defendants have agreed that the Claims Processor will notify all claimants who had their claims denied about their right to challenge the decision of the Claims Processor.  *See* Dkt. No. 194-1, ¶8.3.6; Hamburger Decl., ¶11, *Exh. 6.*

The Claims Processor has not yet provided notice to Claimants with approved claims.  Defense counsel acknowledges that Claimants with approved claims will have deductibles, co-payments and "allowable charges" taken out of their claims.   *See* Hamburger Decl., ¶10, *Exh. 5; see e.g.*, Fortunato Decl., ¶8.  Class counsel contends that the application of co-payments, deductibles and "allowable charges" by the Claims Processor to reduce the Claimants' claims is a "decision of the Claims Processor" that may be challenged under the Settlement Agreement's arbitration provision.  *See* Dkt. No. 194-1, ¶8.3.6 ("Defendants, Class Counsel or a Settlement Class Member may challenge the decision of the Claims Processor").  To comply with due process, claimants with approved claims should be notified about the reductions to their claim and the right to challenge such decisions if they are improper or incorrect.  The Court should order the Claims Processor to include in Claimants' approval letters information about the Settlement Agreement's arbitration process and how to access it.    Defendants do not agree to such notification.  *See* Hamburger Decl., ¶11, *Exh. 6.*[1]

---

[1] The parties' counsel agree that the notice should inform the Claimants that a request for arbitration may be effectuated by emailing both Defense counsel and Class counsel within 30 days of the receipt of the Notice.  *See* Hamburger Decl., ¶11, *Exh. 6.*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT ETC.– 12
[Case No. 2:17-cv-00004-RAJ]

**F.    Final Report and Refund of Residual Funds to the Plan**

The Court should further order that Class counsel provide a final report to the Court regarding claims processing and disbursement of funds by no later than 30 days after the Claims Processor has processed and paid all valid claims. Dkt. No. 194-1, ¶8.7. The Court should order that any remaining funds after payment of all of the claims and other expenses detailed in the final report should revert to the Plan. *Id.,* ¶8.4.

## VII.  CONCLUSION

Plaintiff, on behalf of the Class, respectfully requests that the Court:

(a)    finally approve the Settlement Agreement;

(b)    authorize the disbursement of the Settlement Amount to pay approved claims, consistent with the approved Settlement Agreement;

(c)    order the Claims Processor to accept, adjudicate and pay all valid late-filed or timely-but-emailed claims received between July 31, 2021 and September 30, 2021 inclusive;

(d)    order the Claims Processor to notify all Claimants, whether they had their claims approved, partially denied or denied in full, of their right to seek binding arbitration under the Settlement Agreement, ¶8.3.6.

(e)    order Defendants to pay the attorney fees and litigation costs of $850,000 to Sirianni Youtz Spoonemore Hamburger, consistent with the approved Settlement Agreement;

(f)    order Defendants to pay the case contribution award of $25,000 to Plaintiff D.T., by and through his parents, K.T. and W.T., in addition to any claims to which he is entitled under the Settlement Agreement, ¶8; and

(g)    order Class counsel to submit a final report regarding the distribution of the Settlement Amount.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT ETC.– 13
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

DATED:  October 1, 2021.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

___/s/ Eleanor Hamburger_____
Eleanor Hamburger (WSBA #26478)
Richard E. Spoonemore (WSBA #21833)
Daniel Gross (WSBA #23992)
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246
Email: ehamburger@sylaw.com
          rspoonemore@sylaw.com
          dgross@sylaw.com
Attorneys for Plaintiff Class

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT ETC.– 14
[Case No. 2:17-cv-00004-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246