UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D.T., by and through his parents and guardians, K.T. and W.T., individually, on behalf of similarly situated individuals, and on behalf of the NECA/IBEW Family Medical Care Plan,<br><br>Plaintiff,<br><br>v.<br><br>NECA/IBEW FAMILY MEDICAL CARE PLAN, THE BOARD OF TRUSTEES OF THE NECA/IBEW FAMILY MEDICAL CARE PLAN, SALVATORE J. CHILIA, ROBERT P. KLEIN, DARRELL L. MCCUBBINS, GEARY HIGGINS, LAWRENCE J. MOTER, JR., KEVIN TIGHE, JERRY SIMS, AND ANY OTHER INDIVIDUAL MEMBER OF THE BOARD OF TRUSTEES OF NECA/IBEW FAMILY MEDICAL CARE PLAN,<br><br>Defendants. | NO. 2:17-cv-00004-RAJ<br><br>ORDER<br><br>(1) FINALLY APPROVING SETTLEMENT AGREEMENT;<br>(2) APPROVING DISBURSEMENTS PURSUANT TO THE SETTLEMENT AGREEMENT; APPROVING PAYMENT OF ATTORNEYS FEES, LITIGATION COSTS AND CASE CONTRIBUTION AWARD;<br>(3) ESTABLISHING A LATE CLAIM DEADLINE DUE TO COVID-19;<br>(4) REQUIRING NOTICE OF THE ARBITRATION PROCESS TO CLAIMANTS; AND<br>(5) ORDERING FINAL REPORT ON DISBURSEMENT OF QUALIFIED SETTLEMENT FUND |

## I.  BACKGROUND

On February 2, 2021, this Court preliminarily approved the Settlement Agreement in this matter and certified the Settlement Class.  Dkt. No. 197.  The Court directed the Claims Processor to issue notice to the Settlement Class. *Id.*, ¶4. Class Notices and Claim

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 1
[Case No. 2:17-cv-00004-RAJ]

1    Form Materials were mailed in accordance with the Class Notice procedures beginning

2    April 26, 2021. . Dkt. No. 199, ¶¶4-5 The Claims Processor updated Notice recipients'

3    addresses when the notices were returned and re-mailed the notices to all updated

4    addresses located.  Fortunato Decl., ¶6.

5           Class counsel also established a settlement web page within 30 days of the date of

6    the  February 12, 2021 Order that contained the Class Notice, the Claim Form Materials

7    and key filings in the litigation, including the Motion for Attorney Fees, Litigation  Costs

8    and         Contribution        Award.        Hamburger        Decl.,        ¶6;    *see*

9    http://www.symslaw.com/dtsettlement  (last visited 9/27/21).  Defendants provided

10   the required notice under the Class Action Fairness Act ("CAFA").  Hamburger Decl.,

11   *Exh. 4.*

12          The Order also provided that class members who wished to comment on or object

13   to the proposed Agreement were required to do so by September 24, 2021.  Class

14   members were informed of their rights and of this deadline in the notices that were

15   mailed to them and via links on Class counsel's website.

16          The Order further scheduled a final settlement hearing, which was held on

17   October 8, 2021, to consider objections and comments by class members and to determine

18   whether the proposed Agreement is fair, reasonable, adequate and should be approved

19   by the Court.

20                                    **II.   FINDINGS**

21          1.     The parties reached a Settlement Agreement providing prospective

22   coverage of medically necessary Applied Behavior Analysis (ABA) therapy and

23   Neurodevelopmental Therapies ("NDT") (speech, occupational and physical therapies)

24   to treat certain mental health conditions that Defendants considered to be

25   "Developmental Delays."  *See* Dkt. No. 194-1, ¶¶6.1-6.3.

26

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 2
[Case No. 2:17-cv-00004-RAJ]

2.      The Settlement Agreement also establishes a Settlement Amount in a notational account of $1,700,000.  Under the terms of the Agreement, this fund is to be used to pay retrospective claims for unreimbursed ABA and NDT services to treat qualifying mental health conditions during the class period as well as alternative health insurance purchased by class members to mitigate their damages.  Any funds remaining in the Settlement Amount after these payments will be returned to Defendants.

3.      The Agreement provides that the Defendants' Benefit Office acts as the Claims Processor to receive and process claims.  The Agreement provides for an arbitration process.  *See* Settlement Agreement, § 8.3.6.

4.      The Court's Order required the Claim Processor to mail court-approved notices and claim forms, to class members by direct mail.  The notices informed class members that they had an opportunity to object or submit comments to the Court regarding the proposed Agreement and that they must do so in writing by September 24, 2021.

5.      Consistent with the Order, Defendants provided notices and materials required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

6.      Class Notices were mailed to 1,890 participants and beneficiaries in the Plan.  The Claims Processor reports that it searched for updated addresses for notices that were returned and resent the Class Notice to any updated addresses found.  *See* Fortunato Decl., ¶6.

7.      No class members objected to the Settlement Agreement.  No class members submitted comments.

8.      A total of 129 claims were received by the Claims Processor by July 30, 2021.  The total value of these claims, before they are adjudicated by the Claims Processor, is approximately $351,681.46. The Claims Processor anticipates authorizing a total payment of $277,967.74.

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 3
[Case No. 2:17-cv-00004-RAJ]

9.      Of the 129 claims received, 18 of the claims were denied for at least some portion of the claimed amount.  Fortunato Decl. ¶12.  *See* Hamburger Decl., ¶10, *Exh. 5.* The Claims Processor and Defendants agree to provide notice of the arbitration process to Claimants with denied claims.  Hamburger Decl., *Exh. 6.*

10.      The Claims Processor and Defendants agree to include notice about the arbitration process to Claimants whose claims have been approved and are receiving reimbursement from Defendants.

### III.  CONCLUSIONS

11.      Rule 23(e) provides that "a class action shall not be dismissed or compromised without the approval of the court…."  Compromise and arbitration of complex litigation is encouraged and favored by public policy.  *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

12.      A presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery.  *See, e.g., Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 625 (9th Cir. 1982); *Pickett v. Holland Am. Line-Westours, Inc.*, 145 Wn.2d 178, 209, 35 P.3d 351 (2001).

13.      Federal Rule of Civil Procedure 23(e)(2) requires a reviewing court to find that a settlement "is fair, reasonable, and adequate" before granting final approval of a class settlement.  The court must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
> (i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment;

(iv) any agreement required to be identified under Rule 23(e)(3), [which requires the parties seeking approval to file a statement identifying any agreement made in connection with the proposal]; and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

14.     Based upon these factors, the Court finds that the Agreement is fair, reasonable, and in the best interests of the class.  The requirements of Fed. R. Civ. P. 23(e)(2) have been satisfied.  With the amended notice requirements for class members who submitted claims specified in this Order, due process requirements have also been satisfied.

15.     Specifically, the Court concludes that the Agreement was the result of arm's-length bargaining.  It was reached after sufficient discovery and other litigation activity.  Although the class had a strong likelihood of success, the key legal issues in the case had not been adjudicated, such that there was risk in proceeding with the litigation. A settlement in which class members will be able to continue to obtain coverage of medically necessary ABA and NDT services in the future, and reimbursement for costs incurred to obtain medically necessary ABA and NDT services in the past achieves the goals of the litigation.  There is no evidence of collusion between the parties, and the agreement was reached in good faith.

16.     The class was provided with adequate notice, and due process has been satisfied in connection with the distribution of the class notice.  No objections to the proposed Agreement were received by the Court or any of the parties.

17.     Adequate notice to class members about their eligibility for reimbursement under the Settlement Agreement was achieved, and due process is met in the settlement claims process with the above agreements.

### IV.   PAYMENTS TO CLASS MEMBERS

18.     Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Court authorizes the payment of approved class member claims.   The Court authorizes the disbursement of these funds from the Settlement Amount.

### V.   ATTORNEY FEES AND LITIGATION COSTS

19.     Class counsel are entitled to their actual lodestar (hours x rate) attorney fees and litigation costs up to $850,000 under the terms of the Settlement Amount, subject to Court approval.   That approval is granted, and the Court awards $850,000 as attorney fees to Class counsel to be paid by Defendants.

20.     No objections were received to Class counsel's fee request or the request for reimbursement of litigation costs.

21.     Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, Defendants are ordered to pay the approved attorney fees and litigation costs to class counsel.

### VI.   CASE CONTRIBUTION AWARD

22.     Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, D.T. by and through his parents K.T. and W.T. are awarded a case contribution award in the sum of $25,000 as described in the Settlement Agreement, subject to the Court's approval.   That approval is granted and the Defendants are ordered to pay the approved case contribution award to Plaintiff D.T. as required by the Settlement Agreement.

23.     No objections were received to the request for case contribution awards.

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 6
[Case No. 2:17-cv-00004-RAJ]

### VII.  AUTHORIZATION OF LATE-FILED AND EMAILED CLAIMS

24.     The Claims Processor rejected four claims because they were filed late, or were properly and timely-filed but instead emailed to Class counsel who forwarded the email to the Claims Processor and Defense counsel.  The maximum value of the four claims is under $10,000.  Adjudication and payment of these four claims will not prejudice any other Class member.

25.     The Court orders the Claims Processor to accept all late-filed or emailed claims through September 30, 2021.  The Claims Processor is ordered to adjudicate those claims as if they were timely filed and received via U.S. mail.

### VIII.  NOTICE OF ARBITRATION PROCEDURE

26.     The Claims Processor is ordered to provide written notice about the availability of the Settlement Agreement's arbitration process to all class members who submitted claims and that they must submit written notice of their intention to invoke the arbitration process to both Defendants and Class counsel within thirty (30) days of the date of the notice, via email and/or U.S. Mail.

27.     The Claims Processor and Class counsel shall reach agreement on a reasonable manner for class members to access the arbitration process.  If the Claims Processor and Class counsel cannot reach agreement, then this issue shall be decided by the arbitrator pursuant to the Settlement Agreement, ¶8.3.6.

### IX.  CLASS COUNSEL'S FINAL REPORT, DISMISSAL
### AND REVERSION TO DEFENDANTS

28.     Class counsel shall submit a final report to the Court regarding claims processing and disbursement of funds from the Settlement Amount by no later than 30 days after the Claims Processor processes and pays all valid claims, including any late filed or emailed Claims authorized for payment by the Court, and any claims ordered to be paid as a result of the arbitration process.  The Report shall detail the payment of court-awarded attorney fees and litigation costs, case contribution award, payment of

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 7
[Case No. 2:17-cv-00004-RAJ]

claims, and the amount of funds anticipated to revert to Defendants, as well as any other activities necessary to close the Settlement Amount.  At the same time, Class counsel shall file a proposed Order of Dismissal.

29.     All remaining funds, if any, in the Settlement Amount shall be returned to Defendants within 60 days of the entry of the Order of Dismissal, and consistent with the requirements of the Settlement Agreement.

## X.  ORDER

It is hereby ORDERED that:

1.     The Settlement Agreement is approved as fair, reasonable and adequate under Fed. R. Civ. P. 23(e)(2), and its terms shall bind all class members.

2.     Class counsel is awarded attorney fees and litigation costs, as set forth above.  These amounts are ordered to be paid to Class counsel by Defendants.

3.     The Claims Processor is ordered to accept, adjudicate and pay all late-filed claims and emailed claims received by September 30, 2021, as if the claims were timely filed and received via U.S. Mail.

4.     The Claims Processor is ordered to provide written notice regarding the arbitration process, consistent with this Order and the terms of the Settlement Agreement, to all class members who submitted claims.  The Claims Processor must reach agreement with Class counsel on the manner in which class members may access the arbitration process.  If the Claims Processor and Class counsel are unable to reach agreement on this issue, then the Arbitrator shall decide, pursuant to Section 8.3.6 of the Settlement Agreement.

5.     The Claims Processor is ordered to make payments and distribute checks to Class members and the named Plaintiff in accordance with the Agreement and this Order, as approved by the Claims Processor or on appeal by the Arbitrator.  These amounts are authorized to be paid from the Settlement Amount.

6.      Case contribution award of $25,000 to Plaintiff D.T., by and through his parents K.T. and W.T., as set forth in the Agreement is approved, and the Claims Processor is ordered to distribute that sum from the Settlement Amount to the parents of D.T.

7.      Class counsel is ordered to submit a Final Report in accordance with the Agreement and this Order.

8.      The Court shall retain jurisdiction over this matter until the Settlement Amount is fully disbursed and an Order of Dismissal is entered.

It is so ORDERED this 8th day of October, 2021.

_____

JAMES L. ROBART
United States District Judge

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 9
[Case No. 2:17-cv-00004-RAJ]